## Sims *v.* Stilwell.

The executor is individually responsible, where he promises to pay an account
   stated, when it does not appear that it was for money due by the testator,
   although he expressly promised "as executor."
A written acknowledgment of the receipt of specific articles, is a sufficient
   proof of consideration to support a promise to pay.

ERROR to the circuit court of Warren county.

This was an action of *assumpsit* tried before the Hon. George
Coulter at the May term of said court, 1838. It was founded on
the promises of defendant, to pay the plaintiff for the purchase of
lumber to enable the defendant to complete certain buildings of
his testator, which defendant promised to pay in writing.

Two agreements were offered in evidence in support of the
action. 1. An account of Hord (the testator) and Sims to John
Bobb for 6049 feet of lumber, amounting to 211 dollars and 71
cents; under which account was the following agreement:

"I as executor am responsible to William H. Sims for the
amount of the above account, two hundred and eleven dollars and
71 cents, when he shall have settled the same with John Bobb
and taken his receipt for it. March 22d, 1837, charged to W. H.
Sims. J. B. (Signed) EVERETT STILWELL, Executor.

"The within bill of John Bobb, is for lumber for the house of
Lewis Hord deceased, which I as executor am having completed.
22d March, 1837. (Signed) E. STILWELL.

"Rec'd this 6th March, 1838, of Wm. H. Sims, two hundred and
twenty eight 64-100 dollars, in full of principal and interest on the
within. (Signed) J. BOBB."

The court rejected this account and agreement, on the ground
that it showed, if any debt, a claim upon the testator's estate, and
not on defendant personally. To this opinion, exceptions were
taken and signed.

The second agreement offered in evidence, and permitted to go
to the jury, was as follows:

[Sims *v.* Stilwell.]

" I Everett Stilwell executor admit and acknowledge, that the bill of John Miller for lumber, furnished in William H. Sims' order since the death of Lewis Hord, amounting to about seven or eight hundred dollars is just, and that I will pay the same. Said lumber having been furnished for carrying on a building which I as executor of said Hord's estate am having completed.

(Signed) EVERETT STILWELL, Executor."

To this agreement there was annexed the receipt of said Miller. The signatures to said contracts and receipts were admitted.

The defendant introduced said Miller as a witness, who deposed that the lumber referred to in his receipt was furnished on the order of Sims, who paid for it; that it was refused on the order of defendant as executor of Hord.

Another witness, Garrison, was introduced, who said he built a house for Sims and Hord with said lumber, and received instructions from both plaintiff and defendant, Stillwell, in relation to the business. The defendant also called a witness to prove that the house in question was built on a lot sold by him to the plaintiff, and said Lewis Hord, deceased. This evidence was objected to by the plaintiff, but admitted by the court, which opinion was excepted to by the plaintiff's counsel.

At the close of the trial the court instructed the jury,

1. That if they believed the defendant intended to bind himself only as executor of Hord, by his promise to pay Miller for lumber, they must find for the defendant.

2. That if there was no consideration, they must find for defendant.

3. That if they believed the lumber was furnished for a house built or a lot belonging to Hord and Sims, and the contract for building it was made originally by Hord and Sims, then this was a debt of Hord and Sims, and the finding must be for the defendant. To which charge exceptions were taken, and allowed.

Verdict for defendant, and a writ of error to this court.

Norcom and Mason, for the plaintiff in error.

The first question which arises is, whether the defendant below was not liable personally, for his promise made as executor, said

[Sims *v.* Stilwell.]

promise having been made for a cause and matter, arising since testator's death? Myer *et al. v.* Cole & Myers' Ex'r., 12 Johns. Rep. 349; Carter *v.* Phelps, Adm'r., 8 Johns. Rep. 440.

From the evidence in the cause, it will be seen that the lumber in question was refused to defendant in his capacity as executor, he having endeavored to obtain it, to complete certain unfinished buildings of his testator's, and was furnished to Sims's order and charged to him, and paid for by him and defendant assumed to pay Sims, which will furnish ample consideration for said promise.

The next error assigned, the introduction of parol testimony to establish title to real estate, needs no comment, or reference to authority.

The last error assigned, the charge of the judge (as given) was not called for by either party, was irregular.

Marshall, for the defendant.

The principal question for the consideration of the court in this case, and the one upon which the plaintiff's right to recover must depend, is, was there any consideration upon which to base the defendant's promises, or either of them? For unless there appears in the record sufficient evidence of some consideration to found those promises upon, the second instruction of the court below must necessarily be sustained, and the plaintiff 's action defeated as a matter of course. The mere fact of a promise being in writing is not conclusive, nor in some cases even *prima facie* evidence of a consideration. In cases of bonds, specialities, &c., and in cases of bills of exchange and other negotiable instruments it is admitted that no consideration need be proved, because they carry with them "internal evidence" of a consideration. But in no case is a mere written agreement to pay the debt of another, unless there be a sufficient consideration, and it has even been said that it should be expressed, a good cause of action. Thatcher *et al v.* Dinsmore, 5 Mass. Rep. 299. And the same principle is again recognised in the case of Carver *v.* Warren, *Ibid.* 545. The statute of frauds, which requires a promise to pay the debt of another to be in writing, does not take away the neces-

[Sims *v*. Stilwell.]

sity of a consideration; it was made for the relief of personal representatives, and did not intend to charge them further than by common law they were chargeable. 2 Wheaton's Selwyn, 4th Am. and 7th London Ed. p. 56. See also the case of Wain *v*. Walters, 5 East, 10. What then was the consideration which passed to the defendant, either in his own right, or as executor of Lewis Hord? Did he derive any benefit or advantage from the lumber furnished by John Bobb to his testator and the plaintiff, in the lifetime of his testator? Surely no one will contend he did. Was not the plaintiff himself liable to Bobb for the whole of the lumber furnished by him and mentioned in said exhibit A, in his character of surviving partner, &c., at the time he paid the money as he charges in his declaration? Most certainly he was. And shall then the plaintiff be permitted to recover money from the defendant for doing that which by law the plaintiff was bound to do, viz. paying his own debts, and from the payment of which the defendant derived no benefit whatever? " If he were, it would be manifestly unjust and oppressive. That the debt due to Bobb, and mentioned in exhibit A, was the debt of the defendant's testator and the plaintiff jointly, is evident from the account itself as made out by Bobb. When it was paid, therefore, by the plaintiff either the heirs at law of the defendant's testator, or the defendant in his fiduciary character was liable to him for one half the amount so paid, and no more. And consequently, any promise by the defendant to pay the whole of it out of his own funds was void.

The debt due to the witness Miller, was also the debt of the plaintiff, in part, and in part the joint debt of the plaintiff and the testator of the defendant; for the witness, Miller, expressly proves that part of the lumber was furnished to Sims & Hord before Hord's death, and the remainder upon the order of Sims. And the witness, Garrison, proves that he was employed by Sims & Hord to build the house in which the lumber was used. And that he looks to Sims and the estate of Hord for his pay. It, therefore, clearly follows that this was the debt of the firm of Hord & Sims, and of Sims as the surviving partner; and not the debt of the defendant, either in his individual or fiduciary character. Nor

was the defendant liable to Miller in any manner, except for one half of the lumber furnished during the lifetime of his testator. And for that only in his character of executor.  The court then was right in instructing the jury that if they believed the lumber was furnished for a house to be built upon the lot of Hord & Sims, and the contract for building it was originally made by Hord & Sims, then this was a debt of Hord & Sims, and they must find for the defendant.  The witness, Garrison, was not introduced to " prove title to real estate," but to prove that the lumber furnished by Miller was used in the construction of a house built by contract with Hord & Sims, it was no matter upon whose lot.  And that the house was built by them as partners, and consequently to show that the plaintiff in paying Miller for the lumber did nothing more than he was morally as well as legally bound to do, that he was paying his own and not the debt of the defendant. It will not, I presume, be contended that the defendant has been personally benefitted either by Mr. Miller's furnishing the lumber or Mr. Sims paying for it.  Nor was he under any moral or legal obligation to pay either of them one cent, at the time he gave to the plaintiff the written agreement.  And if that be true, it must follow that that agreement was given without any good and sufficient consideration enabling the plaintiff to maintain his action. Nor did the defendant derive any benefit from it as executor; for, admitting that the house and lot belonged exclusively to Hord, (an admission we are by no means prepared to make,) it was not competent for the executor to expend the assets in his hands in improving real estate, as he would not be increasing the assets by enhancing the value of the real estate.   He has no legal control or management of the real estate, except so far as it is given to him by the express order of the court to enable him to pay the debts of his testator, nor has he a right to make any contracts, as executor, for the improvement of it.   That belongs exclusively to the heirs at law.   And any improvements put upon it redounds exclusively to their benefit; they or their guardians have the sole management of it, and they alone are, therefore, liable for any thing expended on it.   Whatever contract, therefore, an executor makes touching real estate is without authority and void.   The

[Sims *v.* Stilwell.]

promise was not "made for a cause and matter arising since the testator's death," as is conclusively proved by the testimony of Miller and Garrison. Nor are the cases of Carter *v.* Phelps's Adm'r in 8 Johns. Rep., and Myer *et al. v.* Cole and Myers' Ex'r, in 12 Johns. Rep., cited by the counsel for the plaintiff, at all analogous to the one under consideration. The only question decided by those cases is, that two counts, one for a cause of action arising before the death of a testator, or intestate, and the other for a cause of action arising after his death, cannot be joined; or in other words that an executor cannot be sued in his own right, and in his fiduciary character in one and the same action: which is certainly correct, for the obvious reason, that there would have been two separate and distinct judgments of totally different characters.

If, therefore, the debts due to Bobb & Miller were the debts of the plaintiff, and that the defendant's said agreements were without consideration, it does certainly seem to follow that the judgment of the court below must be affirmed.

Hughes on the same side, cited 5 Johns. Rep. 272.

Mr. Chief Justice SHARKEY delivered the opinion of the court.

The plaintiff instituted this action on the written promises of the defendant, made by him as executor, and the question is, whether he is liable in that capacity, or individually?

By first laying down the principles of law, we can the more readily make an application of them to the case before us.

An executor is individually responsible, although he expressly promise "as executor," where the nature of the engagement necessarily creates an individual liability. For example, for money had and received, for money due on an account stated, when it does not appear that it was for money due by the testator; on a promissory note or other written contract, when it does not clearly appear that it was given or made for a debt or liability of the testator, or if it be made to pay at a future day with interest, which necessarily makes it the debt of the executor individually. Powell *v.* Graham, Executor, 7 Taunt. 581; Childs *v.* Monins & Bowles, 6 Eng. Com. Law Rep. 200; Chitty on Contracts, 84.

The first contract set out in the bill of exceptions, follows an

[Sims *v.* Stilwell.]

account for lumber charged to Hord & Sims. The account amounts to 211 dollars and 71 cents, and the agreement evidently refers to it as the foundation of the undertaking, and was probably made at the bottom of the account on the same paper. The agreement is in these words: " I, as executor, am responsible to William H. Sims, for the amount of the above account, 211 dollars and 71 cents, when he shall have settled the same with John Bobb, and taken his receipt for it. 22d March, 1837. Everett Stilwell, Executor." Following the agreement is this memorandum: " The within bill of John Bobb is for lumber for the house of Lewis Hord deceased, which I as executor, am having completed. 22d March, 1837. Signed E. Stilwell." This contract must be taken altogether, and not any particular part of it separately. What is the legal effect? The lumber is charged to Hord & Sims, and this is the only evidence that it was a debt due by Hord in his lifetime. Then comes the agreement of the defendant to be responsible, and it is made in reference to the account as stated. There is nothing to confine its operation to the defendant as executor, unless it be the words " as executor," used in the promise, and they cannot have that effect. Next comes the memorandum, showing that the lumber was for a house which the defendant was then having completed. This explanation counteracts the effect of the charge in the account to Hord, by showing that the defendant was engaged in completing a house with the lumber. So far, therefore, from this contract showing a debt due by Hord in his lifetime, its evident tendency is to show the reverse. Nothing but an individual liability was here created. We cannot know that the defendant had any authority to complete a house, or to make the estate liable for it. Usually executors are individually liable for all contracts they may make. The testimony of the witnesses does not materially change the case, even if it were competent to change the nature of the contract by parol testimony. One of the witnesses stated that he was employed to work on the house by Hord and the plaintiff, and that after Hord's death, the defendant took the management of the building. It does not appear by his testimony, that this lumber was purchased by Hord. This contract was, therefore, improperly rejected by the court.

[Sims *v.* Stilwell.]

The next agreement is in these words: " I Everett Stilwell, executor, admit and acknowledge, that the bill of John Miller, for lumber furnished on William H. Sims' order, since the death of Lewis Hord, amounting to about seven or eight hundred dollars, is just, and that I will pay the same, said lumber having been furnished for carrying on a building, which I, as executor of Hord's estate, am having completed. This 22d March, 1837. Everett Stilwell, Executor." In reference to this contract, there certainly can be no pretence, that it makes the defendant liable as executor only. It is clearly an undertaking which makes him individually responsible. The court, therefore, erred in charging the jury, that if they believed the defendant intended to bind himself only as executor of Hord, they must find for the defendant. And also, in charging that it was necessary to prove the consideration. The promise is an express acknowledgment, that the lumber had been furnished on the order of Sims, and it was proved that it had been paid for by Sims. The consideration was sufficiently proved.

Judgment reversed, cause remanded, and *venire de novo* awarded.