# Commonwealth *vs* City of Louisville.

### ERROR TO THE GENERAL COURT.

### Taxes of Louisville City.

MOTION.

*Case* 71.

JUDGE MARSHALL delivered the opinion of the Court.

*April* 16.

The case stated.

THIS was a motion by the Auditor, in the name of the Commonwealth, against the City of Louisville, to coerce payment of the sum of $1200, required by the 7th section of the act of 1836, establishing a Police Court in said city, to be paid annually by the city into the Public Treasury. The General Court having decided that by the effect of the 17th section of the act of March 8th, 1843, (*Sess. Acts*, 222,) the said $1200 were no longer demandable from the city by the State, a judgment was rendered against the motion, of which the reversal is sought by the Commonwealth.

The 7th section of the act establishing the Police or City Court of Louisville, enacts "that in consideration of " the fines and forfeitures recovered in favor of the Com- " monwealth, in said Court, which are hereby granted to " the City of Louisville, for the benefit of the Public " Schools of said city, it shall be the duty of said city, " on the first day of December next, and· on the 1st day of " December, in each succeeding year, to pay into the " Treasury of this Commonwealth, the sum of twelve " hundred dollars, in addition to the sum heretofore di- "rected to be paid," &c.&c. (*Sess. Acts* 1836, 281.)

The 17th section of the act of 1843, to amend the charter of Louisville, (*Sess. Acts*, 1843, 222,) enacts, " that hereafter the fines and forfeitures in the City of " Louisville and county of Jefferson, herefater assessed " under the general laws of the State, shall be paid to " the Trustee of the Jury Fund, and be by him applied " to the payment of Jurors ; all acts and parts of acts " appropriating said fines and forfeitures to any other purpose, are repealed."

Upon comparison of these two sections, it is apparent that the fines and forfeitures recoverable in favor of the Com-

COMMONWEALTH
*vs*
CITY OF LOUIS-
VILLE.

monwealth, being those recoverable under the general laws of the State, as distinguished from the by-laws and ordinances of the city, the very fund which was granted in 1836, is taken away in 1843. As the payment of Jurors to which the fund is appropriated by the last act, is a matter of State burthen and duty, and has never been imposed as a local duty upon counties or cities, it follows that the fund is not only taken away from the Public Schools of Louisville, but is taken from the city, and appropriated to the purposes of the State. And as the act of 1836 bases the annual requisition of $1200 to be paid by the city, distinctly and exclusively upon the grant therein made to her of the fines and forfeitures recoverable by the Commonwealth in the Police Court, the argument is, that the sole basis and consideration of the requisition being taken away by the act of 1843, the requisition itself must necessarily fall.

It seems to us, that the 7th section of the act of 1836, on which alone this demand against the City of Louisville is founded, establishes such a dependence of the requirement to pay the $1200 upon the right to the fines and forfeitures then conceded, that the Commonwealth in repealing the grant of the fines and forfeitures, necessarily abandons and repeals the requisition. The act does not assert the right of making a naked requisition upon the City of Louisville to pay this money into the Pulbic Treasury, but conceding to her a valuable, continuing, and probably increasing fund, demands, or exacts as the consideration for it, a certain annual sum. And although it be admitted that this sum was required by that act for the purpose of reimbursing to the State the annual salary of $1200 which it allows to the Judge of the City Court thereby established, and though it were even admitted that the Legislature might have required the city to pay this salary out of her own local revenues, still the act asserts no such right. On the contrary, by charging the salary in the first instance on the Public Treasury, and by requiring reimbursement from a fund, which although it had formerly been gratuitously given to the City of Louville, was still resumable at will, and subject to the control of the State, the intention is clearly manifested, to

pay this public officer out of that portion of the public resources, which had been granted to Louisville, and the sufficiency of which to meet this charge upon them could not reasonably be doubted. It was not in consideration of having a City Judge, but in consideration of having the fines and forfeitures, that this payment is required. No inference against a repeal of the requisition, can therefore be based upon the fact, that there is still a City Judge. Nor can such an inference be properly drawn from the fact, that while other requisitions upon the City of Louisville, based upon her right to receive the fines and forfeitures, are repealed by the act withdrawing this right, there is no express repeal of this particular requisition. For in the first place, although those other requisitions may be impliedly based upon this right, they are not like this one, made expressly in consideration of it. But farther, the question here is not merely upon the construction of the repealing act, but rather upon the construction of the original act, and whether it does not so connect the requisition with the grant of the fines and forfeitures, as that the repeal of the grant *ipso facto*, and by necessity repeals the requisition, unless some other consideration is clearly substituted in the place of the fines and forfeitures, or unless the intention be clearly shown, to make this requisition either as a mere naked exaction by the sovereign power of the State, or as justly demandable on account of the salary of the City Judge.

We do not find in the repealing act of 1843, or in any other act which has come under our notice, any thing which authorizes us to decide that the Legislature has based the continuance of this requisition upon either of the grounds just mentioned. We cannot, without express declaration or necessary implication, assume that the Legislature intended that any power of local taxation conferred on the City of Louisville should, in reference to this requisition, be regarded as a substitute for the grant of fines and forfeitures belonging to the State, or that it intended to charge that city for the grant of any such local power, or for furnishing to her as a Judge, a State Officer to be employed in the enforcement of the general as well as of the local laws, or to require from her a gross

ELLIS' AD'R.
vs
MERRIMAN.

sum by way of tax, in addition to the tax upon her citizens and their property, and in violation of the prevailing principles of State taxation. We are therefore not called upon for an opinion as to the constitutional propriety of any such measure.

The statute of 1843, "to amend the charter of Louisville," repeals the 7th section of the statute of 1836, which required the payment of $1200 into the Treasury of the State.

But being of opinion that by the first of the two sections above quoted, the requisition is based exclusively upon the grant of the fines and forfeitures therein made, and has never been placed by the Legislature upon any other ground, we are of opinion, that the repeal of the grant repeals the requisition—and therefore the judgment is affirmed.

*Cates, Attorney General*, for the Commonwealth: *Morehead & Reed*, for Louisville.