Mr. Justice Clayton
delivered the opinion of the court.
The defendant in error brought suit in the circuit court of Franklin county, against Sutton Byrd and Ira E. Byrd, upon their joint promissory note. Several special pleas were filed by the defendants, stating that the note was given in satisfaction of a decree of the probate court against Sutton Byrd, as administrator of Abednego Porter, deceased, who was administrator of Nancy Porter, deceased, in favor of the plaintiff as administrator de bonis non of said Nancy Porter. To these pleas a demurrer was filed, which was sustained. The general issue was also pleaded, and as the whole proposed defence was admissible under that plea, the decision upon the demurrer need not be revised. Upon the trial, the defendant offered to introduce the decree as evidence, and to prove that the note was given in satisfaction of said decree, but the court ruled it out.
An executor or administrator is not bound to pay the debts of his decedent, beyond the assets which he receives. His promise will not make him liable, unless founded on a sufficient consideration. After promise, he still remains chargeable as before, only to the extent of assets in his hands, in the same manner as if no such promise had been made. By the common law, a good consideration is requisite to make such promise bind personally; and the statute of frauds superadds the requisition that it shall be in writing. 2 Lom. Ex. 274.
The point must be open to inquiry, whether the note upon which this suit was brought, was founded upon the decree of the probate court, and whether it is payable to the plaintiff in his own right, or as administrator de bonis non of Nancy Porter, deceased; whether it was for a debt which it pertained to him, as such administrator, to collect, or for one with which he had no concern. The nature of the consideration for the note, and the fact of assets to pay it, must also be considered, before a verdict can properly be rendered against the defendants.
There was error in the opinion of the circuit court, excluding *204 the decree of the probate court from the jury, and for this error the decree must be reversed.
Several other difficulties will probably be found to arise in the way of the plaintiff, in the farther prosecution of this suit; ,.but as they are not now presented, we allude to them merely to show that these points are still open.
Judgment reversed, and new trial awarded.