GERMANIA BANK v. ACHILLE MICHAUD and Others.[1]

Nov. 20, 1895.

Nos. 9370—(59).

**Promissory Note by Administrator—Personal Liability.**

An executor or administrator cannot bind the estate or make it liable on any promissory note he may make, and the only effect of any such note is to bind himself personally.

**Same—Consideration.**

Under the law merchant, a negotiable promissory note made by an administrator in his official capacity imports sufficient consideration to bind him personally.

**Same.**

There is a sufficient consideration for such a note (1) when the maker has assets in his hands which he might have applied in fulfillment of his obligation, and (2) where a consideration for his promise has been received by the personal representative himself.

**Same.**

But such a promissory note given for the debt of the testator without any new consideration, and when the time to file claims has expired, and when the probate court has never allowed the claim or ordered it paid, is without consideration.

**Same—Extension of Time of Payment—Consideration.**

An agreement to extend the time of payment of the debt of a third party is a sufficient consideration for the promise of the defendant to pay that debt.

[1] Reported in 65 N. W. 70.

Same.

> But such a consideration is not sufficiently adequate to make the defendant, who is an administrator, and who signed a note in his official capacity, personally liable thereon. Such a consideration would not warrant the court in invoking the fiction of law that makes a promise for him which he never intended to make, and by which he is held personally liable on the note.

Action in the district court for Ramsey county against Achille Michaud, Eleanora Langevin, Emma Flanagan and Mary E. Michaud. A separate answer was interposed by the first named defendant. The other defendants interposed a joint and several answer. From an order, Kelly, J., sustaining demurrers to the answers, defendants jointly and severally appealed. Reversed as to Achille Michaud. Affirmed as to the other defendants.

*J. L. Macdonald* and *Henry J. Horn*, for appellants.

Plaintiff knew the want of authority of defendant administrator to make the note, and there was at best a mutual mistake of law. Michael v. Jones, 84 Mo. 578. The form of the note shows that he assumed no personal liability. Bingham v. Stewart, 13 Minn. 96 (106); Souhegan Nat. Bank v. Boardman, 46 Minn. 293, 48 N. W. 1116; Falk v. Moebs, 127 U. S. 597, 8 Sup. Ct. 1319. Where an instrument or contract by an executor, administrator or guardian on behalf of the estate represented by him is by the parties intended not to be binding on him individually, he is not personally liable, even though the instrument be inoperative as to the estate. Michael v. Jones, supra; Western Cement Co. v. Jones, 8 Mo. App. 373; Thayer v. Wendell, 1 Gallison, 37, Fed. Cas. No. 13,873; Jefts v. York, 10 Cush. 392; S. C. 4 Cush. 371; Daniel, Neg. Inst. (4th Ed.) § 263; 1 Parsons, Cont. 128. Where the contracting party or principal is named in the contract, one signing professedly in his behalf as agent cannot be regarded as a party to it, whether authorized or not. Jenkins v. Hutchinson, 13 Q. B. 744; Abbey v. Chase, 6 Cush. 54; Ballou v. Talbot, 16 Mass. 460; Stetson v. Patten, 2 Greenl. 358; Hopkins v. Mehaffy, 11 S. & R. 126. If the fair construction of the instrument does not express a personal liability, or necessarily negatives it, there is no rule of law that forbids such exemption from liability. Hayes v. Crane, 48 Minn. 39, 50 N. W. 925; Brown v. Farnham, 55 Minn.

27, 56 N. W. 352. See Austin v. Munroe, 47 N. Y. 360; Chouteau v. Suydam, 21 N. Y. 179. The note was without consideration. The indebtedness of the decedent is not sufficient. The promise of the administrator to pay the debt of his intestate, where there are no assets, is void. 2 Woerner, Admn., § 381, p. 795; Williams, Exrs., 1666 (1776); Bank of Troy v. Topping, 9 Wend. 273. An agent cannot be sued on a contract which shows on its face that he acted only as agent. The remedy, if any, is in tort for false representation of authority. Hayes v. Crane, supra; Long v. Colburn, 11 Mass. 97; Bartlett v. Tucker, 104 Mass. 336. If an administrator pays a debt not allowed by the probate court, he cannot indemnify himself out of the assets. Bunnell v. Post, 25 Minn. 376. Where a note on its face indicates that it was signed in a representative capacity, or may not have been intended to create a personal liability, the signer may show such facts. Pratt v. Beaupre, 13 Minn. 177 (187); Deering v. Thom, 29 Minn. 120, 12 N. W. 350; Rowell v. Oleson, 32 Minn. 288, 20 N. W. 227; Peterson v. Homan, 44 Minn. 166, 46 N. W. 303; Brunswick-Balke Co. v. Boutell, 45 Minn. 21, 47 N. W. 261; Souhegan Nat. Bank v. Boardman, supra; Bingham v. Stewart, supra.

*O. E. Holman,* for respondent.

An administrator cannot create a debt against the estate. The law conclusively presumes a personal obligation from the execution of the note by him. Ness v. Wood, 42 Minn. 427, 44 N. W. 313; Brown v. Farnham, 55 Minn. 27, 56 N. W. 352; Hayes v. Crane, 48 Minn. 39, 50 N. W. 925; Sumner v. Williams, 8 Mass. 162; Whiting v. Dewey, 15 Pick. 428; Austin v. Monroe, 47 N. Y. 360; Schmittler v. Simon, 101 N. Y. 554, 5 N. E. 452; Forster v. Fuller, 6 Mass. 58; 2 Woerner, Admn., § 381, p. 795; Cornthwaite v. First Nat. Bank, 57 Ind. 268; Stirling v. Winter, 80 Mo. 141; Davis v. French, 20 Me. 21; McCalley v. Wilburn, 77 Ala. 549; Merchants Nat. Bank v. Weeks, 53 Vt. 115; M'Eldery v. M'Kenzie, 2 Porter, 33; Sims v. Stilwell, 4 Miss. 176; Steele v. Steele's Admr., 64 Ala. 438; Brown v. Lang, 4 Ala. 50; Kingman v. Soule, 132 Mass. 285; Wilson v. Fridenberg, 22 Fla. 114; Schouler, Exrs., § 397; Long v. Rodman, 58 Ind. 58; Doolittle v. Willet (N. J. Err. & App., Feb., 1895) 31 Atl. 385. The administrator having no authority to bind the estate, the law will strike out that part of the note which he has no authority

to put there, and which represents him as contracting for the estate; and if apt words remain to bind him individually, he will be held personally responsible for payment of the note. Weare v. Gove, 44 N. H. 196; Walker v. Bank of State, 9 N. Y. 582. Even admitting that the law of agency applies to administrators, where an administrator, believing he has authority, but having none, undertakes to bind the estate by a note, he is personally liable, on the ground that where one of two innocent persons must suffer a loss he ought to bear it who has been the sole means of producing it by inducing the other to place false confidence in his acts, and because an administrator who enters into a contract to bind the estate impliedly warrants his authority. Farmers' Co-op. Trust Co. v. Floyd, 47 Oh. St. 525, 26 N. E. 110; White v. Madison, 26 N. Y. 117; Frankland v. Johnson, 147 Ill. 520, 35 N. E. 480; Jefts v. York, 10 Cush. 392. There are but two exceptions to the foregoing rules: (1) Where the contract specifically provides that the administrator shall not be personally liable, or where the promise to pay is restricted to the assets; (2) where a public agent or officer without authority attempts to bind his principal and on grounds of public policy is relieved from personal liability. Shoe & Leather Nat. Bank v. Dix, 123 Mass. 148; 2 Woerner, Admn., § 356, p. 757; Taylor v. Davis, 110 U. S. 330, 4 Sup. Ct. 147; 7 Am. & Eng. Enc. Law, 299; Patterson v. Craig, 1 Bax. 291; Schouler, Exrs., § 258; East Tenn. Iron Mnfg. Co. v. Gaskell, 2 Lea, 742; Morehead Banking Co. v. Morehead, 116 N. C. 410, 21 S. E. 190; Beattie v. Latimer, 42 S. C. 313, 20 S. E. 53. The so-called cases of "agency" do not apply to the relationship of an administrator to the estate. Sumner v. Williams, supra; Ferrin v. Myrick, 41 N. Y. 315; Taylor v. Davis, supra; Patterson v. Craig, supra. Whether an executor or administrator with the will annexed has authority to bind the estate is not always a question of law. Christian v. Morris, 50 Ala. 585; Willis v. Sharp, 113 N. Y. 586, 21 N. E. 705. The note executed by the guardians of Langevin was not binding on his estate, but was binding on them personally. Daniel, Neg. Inst. § 271; Thacher v. Dinsmore, 5 Mass. 299; 9 Am. & Eng. Enc. Law, 112, and authorities there cited; Jones v. Brewer, 1 Pick. 314; Rollins v. Marsh, 128 Mass. 116. The surrender of the individual obligation of the guardians was sufficient consideration for the note sued on. Daniel, Neg. Inst. §§ 183-5; 2 Am. & Eng. Enc. Law, 361; Pratt v. Coman, 37 N. Y. 440;

Lundberg v. North Western El. Co., 42 Minn. 37, 43 N. W. 685; 2 Woerner, Admn., § 381, p. 795; Forster v. Fuller, 6 Mass. 58; Wilton v. Eaton, 127 Mass. 174. Forbearance by a creditor at the request of the representative is sufficient consideration for a promise to pay de bonis propriis. 7 Am. & Eng. Enc. Law, 338n; Childs v. Monins, 2 B. & B. 460; McGrath v. Barnes, 13 S. C. 328; McLean v. McLean, 88 N. C. 394.

CANTY, J. The plaintiff, as payee, brings this action against the defendants, as makers of the following note: "$36,000.00. St. Paul, Minn., May 6th, 1892. Sixty days, without grace, after date the estate of E. Langevin or either of us promise to pay to the order of Germania Bank of St. Paul thirty-six thousand dollars, with interest thereon, at the rate of 8 per cent. per annum from date until paid, for value received. Payable at the Germania Bank of St. Paul. The Estate of E. Langevin, by Achille Michaud, Administrator." It is alleged that the defendants Eleanora Langevin, Emma Flanagan, and Mary E. Michaud indorsed said note before it was delivered to plaintiff, for the purpose of giving the same credit with plaintiff, and intending thereby to make themselves liable thereon as makers thereof. It is further alleged: "That the said defendant Achille Michaud had no authority whatever and was at no time empowered to make or deliver the said promissory note for or on behalf of the said estate of the said E. Langevin, deceased." Judgment is demanded against all of the defendants personally for the amount of the note.

The defendant Achille Michaud answers, separately, and alleges: That on September 16, 1890, Edward Langevin died testate, and, at and before the time of his death, was indebted to plaintiff in the sum of $50,000, and "was mentally and physically incompetent to transact business, and under the guardianship of certain persons, duly appointed as such by the probate court of said county of Ramsey, who were then duly qualified and acting as such; and that said plaintiff at that time held several unpaid promissory notes given to it by said guardians, solely for said indebtedness of said Edward Langevin, and which had been previously made, executed, and delivered by said guardians, as such, to said plaintiff; and that said unpaid promissory notes of said guardians, so held by said plaintiff at the time of the death of said Edward Langevin, were for sums amounting in the ag-

gregate to fifty or fifty-one thousand dollars." That on March 14, 1891, the will of said deceased was duly probated and adjudged by the probate court of Ramsey county to be the last will of said deceased. That on July 21, 1891, he (Achille Michaud) was appointed administrator of the estate of said deceased with the will annexed, and letters of such administration were then duly granted to him by the probate court of Ramsey county. That on the same day the probate court made its order limiting the time for creditors to file their claims against said estate to January 21, 1892. That said order was duly published, and the time for so presenting such claims expired on said January 21, 1892. That, prior to his appointment as such administrator, the estate had been in charge of three special administrators, who paid a portion of said indebtedness, thereby reducing such indebtedness to the sum of $36,000; but that the claim was never presented to the probate court, or approved or allowed by that court, and that said balance of said claim so remaining unpaid was barred as a claim against said estate when the time so to present the same to said probate court so expired as aforesaid. "That on the 6th day of May, 1892, the said plaintiff still held the said notes of said guardians, or a note given solely in renewal of the same, for said thirty-six thousand dollars." That, on said last-named day, this plaintiff represented to him, said Achille Michaud, "that said plaintiff was not allowed to hold or carry what appeared to be overdue notes or commercial paper in its bank, and then and there, and for that alleged reason only, requested this defendant, as said administrator and not otherwise, to make and give to said plaintiff in lieu and place of said overdue and unpaid notes for (and representing) said thirty-six thousand dollars, and not otherwise, the note of the said estate of said Edward Langevin for said thirty-six thousand dollars; and that thereupon said cashier made out all of said note set out in said complaint, except the signature of this defendant, using one of plaintiff's blanks with the words 'or either of us' printed therein, but not then noticed by this defendant or assented to by him; and this defendant then believing that said thirty-six thousand dollars was a legal and valid claim and demand against said estate, and not otherwise, as said administrator of said estate, and not otherwise, and without any consideration whatever therefor or moving to him, and solely at the request of and for the accommodation of the said plaintiff, and for

the purpose of plaintiff. aforesaid, affixed his name to said note set out in said complaint, and solely as the note of said estate, as requested by said plaintiff, as aforesaid, and not otherwise." That there was no other consideration for said note except said indebtedness of $36,000, which had been so barred by the statute of limitations; and that, at the time he signed said note, he was not aware of the fact that plaintiff had failed to file a claim for such indebtedness in the probate court, or that it was so barred, but believed that such indebtedness was a valid claim against said estate. This is all of the answer that it is necessary here to consider.

The other defendants interposed a somewhat similar answer. The plaintiff demurred to each of these answers, on the ground that it does not state facts sufficient to constitute a defense, and from the orders sustaining the demurrers defendants appeal.

Let us first consider the defense of the administrator, Michaud. Although the note is executed by him in the name of the estate, it is well settled that an administrator or executor cannot bind the estate by any promissory note he may make. Even though the note is given for a valid debt or liability of the estate which he should pay, and even though he has a right to reimburse himself out of the assets of the estate when he does pay it, still the note, though made by him as administrator, is his personal obligation, and not the obligation of the estate. 1 Daniel, Neg. Inst. (4th Ed.) § 262. The case is not at all analogous to one where the party signing the note is acting for a disclosed principal. An executor or administrator has no principal. "When a trustee contracts as such, unless he is bound, no one else is bound, for he has no principal. The trust estate cannot promise. The contract is therefore the personal undertaking of the trustee." Taylor v. Davis, 110 U. S. 330, 4 Sup. Ct. 147. Persons contracting in a representative capacity are liable personally when they represent no responsible principal. Story, Ag. §§ 280–286. But these are very general statements of well-established principles, which it might be easy to misapply. / When a trustee executes an instrument as trustee, even though he has no principal, and does not bind the trust estate, there ought to be some good reason why the court will make for him a new contract by which he is bound personally. The doctrine that he is liable personally on such a contract is a fiction of law, which, like many other fictions of law, was invented to prevent in-

justice, not to promote it.    This fiction of law has always been applied to cases where the executor or administrator had assets in his hands which he might have appropriated to the fulfillment of his obligation, and to cases where the other party, as a consideration for the obligation of the executor or administrator, parted with something more than a mere nominal or technical consideration.    But this fiction of law should not be invoked to make a new contract for the parties where the executor or administrator had no assets with which to reimburse himself, and the other party had no good reason to suppose that he had or would have such assets, has not been misled, and has parted with nothing but a nominal or technical consideration on the faith of the administrator's promise.    We can find no case which holds otherwise.

The defendant administrator attacks the complaint, and contends that it does not state a cause of action as against him.    Under the rule of the law merchant, a negotiable promissory note made by an executor or administrator, as such, imports sufficient consideration to bind him personally.    Story, Prom. Notes, § 63; 1 Daniel, Neg. Inst. § 262.    For this reason, we are of the opinion that the complaint states a cause of action against the administrator.    But, as against any one but an innocent purchaser for value before maturity, the consideration for such a note may be inquired into.

At common law, except when suit was brought against him, the administrator or executor himself, and not the court, allowed or adjusted the debts of the deceased with the creditors.    He paid these debts without any order of the court out of the assets of the estate, or paid them out of his own funds, and reimbursed himself out of the assets.    He had the right, among creditors of equal degree, to pay one in preference to another.    2 Williams, Exrs. (Rand. & T. Ed.) 256 (882).    He might thus prefer and pay a creditor by giving his own obligation for the debt.    Hepworth v. Heslop, 6 Hare, 561.    When the executor or administrator, having assets of the estate applicable to the payment of the debt, gave his own note to the creditor for such debt, it amounted to an appropriation of the assets to the amount of the debt to the payment thereof; and this constituted a sufficient consideration for his promise, and he was personally liable, whether he made the note as administrator or in his own right. 1 Daniel, Neg. Inst. § 263.    If he failed to reimburse or indemnify

himself, it was his own fault, and no concern of the creditor. But if, without any new consideration, he gave his note for the debt of the deceased when he had no assets, there was no consideration for the note, and his promise to pay was nudum pactum. 3 Williams, Exrs., 288–298 (1661–1674); 1 Daniel, Neg. Inst. § 270; Bank of Troy v. Topping, 13 Wend. 557; Rucker v. Wadlington, 5 J. J. Marsh. 238; Byrd v. Holloway, 14 Miss. 199; Rann v. Hughes, 7 T. R. 350, note; Ellis v. Merriman, 5 B. Mon. 296; Schoonmaker v. Roosa, 17 Johns. 301; Ten Eyck v. Vanderpoel, 8 Johns. 93.

In jurisdictions where the giving of a new note for a prior indebtedness and the surrendering up of the old note which represented the prior indebtedness is an absolute payment, it is held that when the executor or administrator gives his note for the debt of his testator or intestate, whose note is surrendered up to the executor or administrator, it constitutes an absolute payment of the debt and a sufficient consideration for the new note. But this is not the law in those states where, in such a transaction, the giving of the new note would not constitute absolute payment. In referring to the case of Thacher v. Dinsmore, 5 Mass. 299, the court in Bank of Troy v. Topping, 9 Wend. 273, says: "That case is no authority here, because the reasons are not applicable. A promissory note given in this state for a simple contract debt does not absolutely discharge such debt; the creditor may still prosecute upon the original consideration, and may recover upon producing and canceling the note. In that case, also, it appears that the defendant had assets. In the case now under consideration, the plaintiffs lost nothing by taking the defendants' notes for the note of their intestate. They might at any time have prosecuted the defendants as administrators for the money lent to their intestate, and recovered judgment, and thus have obtained any preference which the law would then have given them." In this respect the law of this state is like that of New York, and the giving of the new note in such a transaction would not be an absolute payment. See Combination Steel & Iron Co. v. St. Paul City Ry. Co., 47 Minn. 207, 49 N. W. 744.

The respondent's counsel has cited many cases which hold that the contracts of an executor or administrator are not binding on the estate, and, although made by him as such executor or administrator, are binding on him personally. Most of these are cases where

the transaction originated with him, and not with the deceased, and the other party to the contract furnished the whole consideration therefor at the request of such executor or administrator. To cite from his own brief: "The rule must be regarded as well settled that the contracts of executors, although made in the interest and for the benefit of the estate they represent, if made upon a new and independent consideration, * * * are the personal contracts of the executors, and do not bind the estate." Austin v. Munro, 47 N. Y. 360. "The action here is exclusively upon the undertaking of the defendant, importing a promise to pay the sum of $900 on the 1st day of July, 1879, to the payee of the draft or his order, for a consideration received by the promisor. No facts are alleged or proved showing any liability on the part of the defendant's testator to the drawee of the draft, or any legal demand existing in his favor against the estate represented by the defendant." Schmittler v. Simon, 101 N. Y. 554, 5 N. E. 452. See, also, Sumner v. Williams, 8 Mass. 162; Merchants Nat. Bank v. Weeks, 53 Vt. 115; M'Eldery v. M'Kenzie, 2 Porter, 33; Sims v. Stilwell, 4 Miss. 176; Steele v. Steele's Admr., 64 Ala. 438; Kingman v. Soule, 132 Mass. 285; Long v. Rodman, 58 Ind. 58; Doolittle v. Willet (N. J. Err. & App., Feb., 1895) 31 Atl. 385. In Davis v. French, 20 Me. 21, it is said: "The true doctrine on this subject appears to be that, where the cause of action existed against the deceased, the executor or administrator may make himself personally liable by a written promise founded upon a sufficient consideration. * * * In this case the contract originated with the administrator, and there is no evidence that the debt also did not."

But the transaction set out in the answer of the administrator in the case at bar did not originate with him. He alleges that he gave the note in suit for the debt of the testator. An administrator, under the law of this state, has no assets of the estate which he can apply to the payment of a debt of the deceased, unless the claim has been allowed by the probate court. He does not allow such claims, and has no discretion as to the order or priority of payment of such claims. The probate court allows and orders the claims paid, and he is the mere depositary of the funds for payment. Then the doctrine of the common law that assets of the estate in the hands of an administrator or executor are sufficient consideration for his promise to

pay the debt of the intestate or testator can have no application here, and there can be no presumption that such executor or administrator has such assets. Then we cannot see that Michaud would be liable on his note, even if the debt in question had not been barred as a claim against the estate before he so gave his note for it. The reasons by which we reach this conclusion are in conflict with the reasons given for the decision of Brown v. Farnham, 55 Minn. 27, 56 N. W. 352; but we are of the opinion that the result arrived at in that case is correct. The question of the liability of the executor arose on à demurrer to the complaint. It appears from the complaint that Farnham and Lovejoy were partners, and, as such, owed the plaintiff $12,000. After Lovejoy's death, his executors and the surviving partner, Farnham, continued and carried on the partnership business under the old firm name of Farnham & Lovejoy. The executors, acting with the surviving partner, presumably meddled with and diverted assets of the old firm, which the surviving partners should have applied in payment of the plaintiff's debt. But, instead of doing this, the executors joined with Farnham in executing to plaintiff their note for his debt, not in their official name as executors, but in the name of Farnham & Lovejoy. They subsequently joined with Farnham in executing a composition agreement with the creditors of the old firm of Farnham & Lovejoy, which agreement they failed to perform. Surely, under these circumstances, it should not be presumed that there was no consideration for the undertakings of these defendants in these matters, merely because they were executors of the estate of Lovejoy.

Both parties have argued the demurrer to this answer on the theory that the only question is whether or not the administrator has, by the note in suit, bound himself personally to pay the debt of his testator; while it seems to us that the answer clearly shows that this debt had ceased to be a debt of the testator or a liabiltiy against his estate long before the administrator signed the note in suit. If this is true, he could not (as could the original debtor) by his promise, without a new consideration, revive a debt barred by the statute of limitations. But the answer alleges that, at the time of his death, the testator was under guardianship, and plaintiff then held the notes of the guardians for this debt; that, when the note in suit was made, plaintiff "still held the said notes of said guardians, or a note

given solely in renewal of the same"; and that this was the debt for which the note in suit was given. The answer of the administrator can be considered only as a plea of want of consideration for the making of the note in suit, but it does not appear by his answer that the debt in question did not continue to be a valid debt against the guardians or the person or persons who made the note "given solely in renewal" of their note. The burden was on the defendant to show want of consideration for his note, but he has not shown that the debt did not continue to be the debt of some one else after it had ceased to be the debt of the estate of Langevin. Whether or not the guardians could, by their note, without a new consideration and without assets, bind themselves to pay the debt of their ward, we need not consider. The probate court may have provided for that purpose assets which they already had in their hands, or they may have received a new consideration for the making of the note, or the consideration for it may have originally been received by them as guardians, and not by the ward before guardianship. The defendant has not shown that there was no consideration for any of those prior notes, and we must presume that there was a sufficient consideration for them. Then it must be held that the note in suit was not given for a debt of the estate or of the testator, but a debt of these guardians or of those who made a note in renewal of their notes. Then the question resolves itself into this: Has the defendant administrator, by the note in suit, become bound to pay the debt of these third parties? It does not appear by his answer whether or not, as a consideration for the note in suit, the time of payment of this debt has been extended. Such extension of the time of payment would be a sufficient consideration for the promise of a surety, if this can be considered such a promise. See Nichols & Shepard Co. v. Dedrick, 61 Minn. 513, 63 N. W. 1110. It is not alleged in the answer that no such extension was given, and, if such extension would be a sufficient consideration for the note in suit, it must be presumed that it was given. But, while such consideration is sufficient to support the promise which the party intended to make, we are of the opinion that it is not a sufficiently adequate consideration to warrant the court in making a new contract for the parties, and, by a fiction of law, hold the administrator liable on a promise which he never intended to make. We cannot see that the words "or either of us,"

in the note in suit, after the words, "the estate of E. Langevin," have any tendency to show that the defendant administrator intended to bind himself personally.

For these reasons, we are of the opinion that the answer of the administrator stated a good defense, and that the court below erred in sustaining the demurrer to the same.

But the other defendants promised in their own right, and, from what we have said, there may be sufficient consideration, by such an extension of the time of payment of the debt, to support their promise. These defendants allege nothing that is not alleged in the answer of the administrator, and, while they do not allege as much as is alleged in that answer, still they refer to that answer, and make it a part of their own. Whether this is an irregular mode of pleading we need not consider. No objection is taken to it, and we shall therefore regard both answers as substantially the same. We are therefore of the opinion that the answer of these other defendants states no defense.

This disposes of the case. The order appealed from, so far as it sustains the demurrers to the answer of the defendant Achille Michaud, is reversed, and, so far as it sustains the demurrers to the answer of other defendants, is affirmed.