Fred F. Pease v. Globe Realty Company and S. S. Still, Appellants.

**Vendors:** RECOVERY OF PURCHASE PRICE: BREACH OF AGREEMENT TO PERFECT TITLE. Judgment on a promissory note given in settlement of the purchase price of land containing a condition precedent to payment should not be entered until the condition is performed, where the same is pleaded in defense; as where the instrument provided that payment should be subject to a proceeding to clear the grantor's title which rested upon a tax deed and the period of limitation barring the right to question its validity had not run, a breach of the condition was sufficient to defeat recovery on the note.

**Corporations:** EXECUTION OF INSTRUMENTS: PERSONAL LIABILITY. One who signs an instrument as president of a corporation, and not in his individual capacity, is not personally liable thereon; and the allegations of the petition as to personal liability will control the mere recitals of the record as to the exhibit from which it might be inferred that he signed as maker, describing himself as president.

*Appeal from Polk District Court.*—Hon. Jesse A. Miller, Judge.

Tuesday, March 9, 1909.

ACTION to recover balance due, on a written instrument for the payment of a part of the purchase price for certain city lots.   On trial to the court without a jury, judgment was rendered against both defendants, and they appeal.—*Reversed.*

*Clark & Byers* and *Evans & Evans,* for appellants.

*Spurrier, Mills & Perry,* for appellee.

McCLAIN, J.—The instrument sued on was in form a promissory note for $200, to which was added the following clause:   "Subject to the clearing of title to lots in Hyde Park for which this is given as part purchase price." It appears that all the lots included in the purchase, for part payment of which the note was given, were in Hyde Park addition to the city of Des Moines, and were held by the grantor under tax deeds.   It also appears that an action to quiet title was brought, in which title to all the lots save one was quieted in the defendant Globe Realty Company, the grantee of the lots.

It is contended for appellee that defendant's grantor had good title by tax deed to this lot, as well as to the others; but it is to be noticed that the condition in the note was not that the grantor had good title, but in effect that the title should be cleared, and it appears that the parties considered this provision to require that some action be brought to quiet the title.   While a tax title is no doubt presumptively good, as a tax deed is *prima facie* evidence that all the requirements of the statute have been complied with, and is conclusive evidence that the tax for which the property had been sold was properly assessed, and that the property was duly sold, and further that all the officers performed their duty with reference to the levy and enforcement of the tax and the execution of

1. VENDORS: recovery of purchase price: breach of agreement to perfect title.

the deed (Code, section 1444), it is well settled that a tax deed may be attacked for insufficiency of the notice given by the holder of the certificate of sale of the expiration of the period of redemption. *Young v. Iowa Toilers' Protective Ass'n,* 106 Iowa, 447; *Grimes v. Ellyson,* 130 Iowa, 286. At the time the conveyance was made the five-year limitation on an action to question the validity of the tax deeds had not run, and the condition of the note evidently contemplated some proceeding by which those who would be entitled on any ground to attack the validity of the sale would be cut off from doing so. Breach of the condition was pleaded by the defendants, and the failure of plaintiff to show the performance of the condition as to one of the lots should have been held by the trial court to be sufficient to defeat plaintiff's action.

For another reason the judgment as against defendant Still was erroneous. As against him the petition alleges no cause of action. The instrument sued upon is described as executed by "the defendant Globe

2. CORPORATIONS: execution of instruments: personal liability.

Realty Company by its secretary, J. J. Coull, and president, S. S. Still." If Still signed for the company as its president, and not in his individual capacity, the Globe Realty Company alone was bound by the instrument. The description of the instrument in the exhibit thereof attached to the petition might perhaps be considered to indicate that Still signed as a maker, describing himself as president of the company; but the allegation of the petition must control a mere recital of the record as to the exhibit, and judgment should not have been rendered against the defendant Still.

For the reasons pointed out, the judgment is *reversed.*

EVANS, C. J., took no part.