LOVENSKIOLD v. NUECES HOTEL CO.
(No. 6135.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 22, 1919. Rehearing Denied Feb. 19, 1919.)

1. EXECUTORS AND ADMINISTRATORS ⬤⟿7 — AUTHORITY TO BIND ESTATE—SUBSCRIPTION TO STOCK.

Independent executor under terms of will had no authority to bind estate in subscribing to stock of hotel company; no power to invest any part of estate in any business having been given in will, which provided revenues from realty should be divided among certain devisees, etc.

2. EXECUTORS AND ADMINISTRATORS ⬤⟿96 — CONTRACTS—BINDING FORCE ON ESTATE.

Contracts of executor or administrator are not binding on estate, in absence of statutory authority or express or implied power in the will itself.

3. EXECUTORS AND ADMINISTRATORS ⬤⟿96— SUBSCRIPTION OF STOCK—INDIVIDUAL LIABILITY.

Executor, who signed as such an instrument reading, "I, ——, hereby subscribe the sum of $500 to the capital stock of" a hotel corporation, held individually bound, for, even if he had contracted in name of estate, he alone and individually would have been bound.

4. EXECUTORS AND ADMINISTRATORS ⬤⟿7 — ACTION AGAINST — PLEADING — PERSONAL LIABILITY.

Hotel company's petition to recover from independent executor on subscription to capital stock held sufficient to show executor's personal liability, alleging in alternative that, if executor did not bind estate, he bound himself personally.

Appeal from Nueces County Court; David M. Picton, Jr., Judge.

Suit by the Nueces Hotel Company against P. G. Lovenskiold. From a judgment for plaintiff, defendant appeals. Affirmed.

J. C. Scott and E. B. Ward, both of Corpus Christi, for appellant.

G. R. Scott and Boone & Pope, all of Corpus Christi, for appellee.

FLY, C. J. Appellee sued to recover from appellant, as independent executor of the estate of O. C. Lovenskiold, deceased, and individually, on a certain subscription to build the Nueces Hotel in Corpus Christi, Tex. The court held that the estate was not bound by the instrument executed by appel-

lant, but that he was personally bound and rendered judgment against him for $707.20.

The instrument on which the suit is based is as follows:

"Corpus Christi, Texas, 1—17—1911.

"I, ——, hereby subscribe the sum of $500 to the capital stock of the corporation to be organized for the purpose of purchasing the site and building a commercial hotel on the beach portion of the city of Corpus Christi, Nueces county, Texas.

"As soon as $150,000 of the capital stock for said purpose has been subscribed (provided same is done on or before April 1, 1911), I hereby agree, bind, and obligate myself to pay in cash, when called upon by the treasurer of said company, 50 per cent. of the amount herein subscribed by me.

"The balance of said amount subscribed I will pay to the treasurer in two equal installments, in 60 and 120 days, respectively, after the date of said first payment.

"[Name] P. G. Lovenskiold,
"Executor O. C. Lovenskiold Estate."

[1, 2] It is clear that the independent executor under the terms of the will of Oscar C. Lovenskiold had no authority to' bind the estate of the testator in subscribing the stock of a hotel company. No power to invest any part of the estate in any business is given in the will, but it is provided in the will that the revenues from the real estate should be divided among certain devisees; that certain real estate should be sold and the proceeds divided; that all personal effects be divided between two brothers, and life insurance money be used in building a monument and in paying $1,000 for the support of A. L. Lovenskiold, a brother of deceased. Everything was fully provided for, and no provision was made for any investments of any kind. It is the rule that the contracts of an executor or administrator are not binding on the estate, in the absence of statutory authority, or express or implied power in the will itself. The statutes of Texas do not authorize an executor, whether independent or otherwise, to take the money of the estate and invest it in stocks or bonds, and the will in this case gives no such authority, either expressly or by implication. No general powers are given by the will, but each and every act authorized is set out therein. The trial court properly held that the estate was not bound by the subscription.

[3] It is equally clear that the instrument given by appellant bound him individually. The very language of the instrument binds him as an individual, and there is nothing to indicate that the estate had any connection with the subscription, except that appellant wrote after his name the words, "Executor O. C. Lovenskiold Estate." But, if he had contracted in the name of the estate, it would not have bound the estate, but would have bound him individually. Elliott on Contracts, §§ 512–519; Gibson v. Irby, 17 Tex. 173; Warren v. Hanold, 92 Tex. 417, 49 S. W. 364; Pease v. Realty Co., 141 Iowa, 482, 119 N. W. 975, 42 L. R. A. (N. S.) 57; Germania Bank v. Michaud, 62 Minn. 459, 65 N. W. 70, 30 L. R. A. 286, 54 Am. St. Rep. 653. In the case last cited the executor signed the note, "The Estate of E. Langevin, by Achille Michaud, Administrator." It has been held that the executor may save himself by inserting in the note a provision against personal liability. Banking Co. v. Morehead, 116 N. C. 413, 21 S. E. 191; Fisheries Co. v. McCoy (Tex. Civ. App.) 202 S. W. 343.

[4] The allegations of the petition were sufficient to show the liability of appellant. The allegations were aimed primarily at liability as executor, but it was distinctly stated:

"That should it appear, and should the court hold, that by the execution of said stock subscription, defendant did not bind the assets of the estate of O. C. Lovenskiold, deceased, and that his act in the execution of said instrument would not have the legal effect of binding said estate, then in that event, plaintiff would allege that by reason of the foregoing allegations the defendant, P. G. Lovenskiold, did, by the execution and delivery of said instrument, bind himself personally, and by reason of the foregoing allegations did become and is personally liable on said stock subscription contract for the entire balance due thereon to this plaintiff, and this plaintiff is entitled to a personal judgment against the said P. G. Lovenskiold for the entire balance due thereon."

All of the requisites as to the execution and delivery and other essentials had been fully alleged as to the executor and they were applied to appellant personally.

None of the assignments of error are well taken, and the judgment will be affirmed.