[No. 24571. Department Two. August 15, 1933.]

MATHILDA SANDBERG, *Appellant*, v. A. H. DENMAN, *as Administrator, Respondent*.[1]

*Guy E. Kelly* and *Arthur H. Hutchinson*, for appellant.

*G. P. Fishburne*, for respondent.

MAIN, J.—This action is based upon a promissory note. The cause came on for trial before the court without a jury, and at the conclusion of the plaintiff's evidence the defendant challenged the sufficiency thereof to sustain a recovery and moved for a dismissal. This motion was sustained, and from the judgment dismissing the action the plaintiff appeals.

The facts which will present the controlling question may be summarized as follows: April 15, 1931, Peter Sandberg died, leaving a last will and testament in which, after minor bequests, he devised and bequeathed everything to his daughter, Esther Sheldon, who was named as executrix without bond. The will, however, did not provide that she should have power

[1]Reported in 24 P. (2d) 452.

to administer the estate without the intervention of the court. The will was duly admitted to probate, letters testamentary were issued to Mrs. Sheldon, and she entered upon the administration of the estate.

June 4, 1932, she executed a note as executrix in the sum of ten thousand dollars, payable to Matilda Sandberg, her mother, the appellant, which recited that it was in full payment of the mother's claim to a community interest of one-half of the estate of Peter Sandberg, from whom the appellant was divorced October 16, 1924. July 15, 1932, Mrs. Sheldon was removed as executrix by order of the court and A. H. Denman was appointed administrator with the will annexed. November 25, 1932, Mrs. Sheldon died.

This action, it must be kept in mind, is against the estate of Peter Sandberg, deceased, and not against the estate of Mrs. Sheldon. Prior to the time that the note was signed, the executrix had obtained no order from the probate court authorizing her to execute the note, and subsequent to its execution no order was entered by the court approving the same. An administrator or executor, as such, has no inherent authority to borrow money or impose any liability upon the estate by making, drawing, accepting or endorsing any bill or promissory note. 24 C. J. 69; *Germania Bank v. Michaud,* 62 Minn. 459, 65 N. W. 70, 54 Am. St. 653, 30 L. R. A. 286; *Bank of Montreal v. Buchanan,* 32 Wash. 480, 73 Pac. 482. The estate of Peter Sandberg was not liable upon the note executed by the executrix of his last will and testament which is the basis of this action.

Whether the estate would have been liable had the probate court authorized or approved the execution of the note, is a question not now before us, and we express no opinion thereon. Neither are we concerned

at this time with whether the estate of Mrs. Sheldon is liable.

The judgment will be affirmed.

BEALS, C. J., TOLMAN, STEINERT, and BLAKE, JJ., concur.