TAYLOR & Another *v.* BEMISS & Others by their next Friend.

BEMISS & Others by their next Friend *v.* TAYLOR & Another.

BEMISS *v.* BEMISS & Others by their next Friend.

APPEALS FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Argued December 19th, 20th, 1883.—Decided January 7th, 1884.

*Attorney—Claims against the United States—Contingent Fee—Guardian and Ward—Louisiana—Tutrix.*

1. A citizen of Louisiana in his lifetime had a valid claim against the United States for the recovery of which a remedy was given in the Southern Claims Commission. After his decease his widow was duly appointed tutrix to his minor children and heirs: *Held,* That it was her duty to take legal steps to recover the money from the United States, and that whether the action was brought in her own name, or in hers jointly with the children, she was equally bound to prosecute it with diligence.

2. On the principles set forth in *Wyman* v. *United States,* 109 U. S. 654: *Held,* That a payment of a claim against the United States, to a tutrix appointed under the laws of Louisiana is a valid payment making her responsible to the minors, if wronged, for the receipt of the money by herself or by her authorized attorney.

3. A contract with an attorney to prosecute a claim for a contingent fee is not void; and under the circumstances of this case, the parties having agreed upon fifty per cent. of the claim as a contingent fee, the court is not prepared to assume that the division is extortionate. *Stanton* v. *Embrey,* 93 U. S. 548, approved and followed.

*Mr. George S. Boutwell* for Taylor and Another.

*Mr. Enoch Totten* for Mrs. Bemiss and the minor children.

*Mr. Frank T. Browning* for Laura J. Bemiss.

MR. JUSTICE MILLER delivered the opinion of the court.

Laura J. Bemiss, widow of John Bemiss, having a claim against the United States pending before the commission commonly called the Southern Claims Commission, under the act of March 3d, 1871, employed George Taylor and F. C. Wood, attorneys-at-law, residing in Washington city, to prosecute said claim, and by an instrument in writing agreed to give them fifty per cent. of the amount which might be recovered. The sum recovered was $27,310.00, and, under a power of attorney given by her to Mr. Taylor, he received from the Treasury the sum of $14,598.33, and Mrs. Bemiss the balance of $12,711.67.

The present suit originates in a bill in chancery brought by Belle Bemiss, Elizabeth Bemiss, and Mattie Bemiss, minor children of Mrs. Bemiss and of her husband, John Bemiss, deceased, to recover of Taylor and Wood and of Mrs. Bemiss, the money thus received.

Mrs. Bemiss makes her answer a cross-bill against Taylor and Wood, and asserts the invalidity of her contract with them for compensation, and prays also that they may be required to refund the money which they received under it.

To the bill and cross-bill Taylor and Wood answer, under oath (and their answer is in no material matter disproved), that they were employed by Mrs. Bemiss, by a letter written from Louisiana, where she resided, asking them to accept a retainer in the case, by reason of a suggestion of a friend of hers in Louisiana, and she offered them fifty per cent. of the amount recovered as their compensation. To this they assented, and enclosed her a contract to that effect, which she signed and returned to them. She also executed a power of attorney to them, authorizing them to manage the case and to receive the sum awarded to her.

The answer further states that, without any suggestion from

them, Mrs. Bemiss employed, at different times, two other attorneys in Louisiana, to each of whom she agreed to pay ten per cent. of the amount of the award, and that defendants had advanced to Mrs. Bemiss, pending the litigation, the sum of $800, which, with interest to the time they received the money from the Treasury, was added to the one-half they were entitled to by the terms of the contract. They also paid the ten per cent. out of their share to each of the attorneys employed by her, so that, deducting this twenty per cent., and the money advanced to her and its interest, they received for their compensation only thirty per cent. of the money recovered, or $8,193.00.

It is urged against the validity of this contract of employment that Mrs. Bemiss had no authority to bind her children, the minor heirs of her deceased husband, by such a contract, and that as to their interest in the award it is void.

The bill of the minor heirs states that Mrs. Bemiss had been appointed by the proper court in Louisiana natural tutrix of these children. We are of opinion that this appointment made it her duty to take the necessary legal steps to obtain this money from the United States, and that, whether the suit was brought in her own name or in hers jointly with her children, she was equally bound to prosecute it with diligence, and to do all that was necessary to recover the money. It would be a queer condition of the law if, while it imposed this obligation upon her, it gave her no authority to employ counsel to prosecute the claim before the only legal tribunal which could allow it; and if she could employ counsel, it follows as a matter of course, she could make a contract for the amount of their compensation.

This agreement would bind her as tutrix as well as in her individual right, and it is in both characters she professes to contract.

Such undoubtedly is the law of Louisiana, which must govern as to her powers as tutrix, since it is there she was appointed, and there both she and her children resided when she made the agreement with Taylor and Wood.

Of her authority to make such a contract as tutrix we have no doubt.

Another objection raised is that, since by the act of Congress making the appropriation to pay the money, it is expressly made payable to Mrs. Bemiss and her children by name, her authority as tutrix under the Louisiana appointment did not authorize payment to her in the District of Columbia.

The subject of such payments by the United States to administrators appointed in the States is very fully discussed in the case of *Wyman* v. *The United States*, decided simultaneously with the present case, 109 U. S., 654, and, upon the principles there laid down, we are of opinion that payment to Mrs. Bemiss as tutrix under the Louisiana appointment is a valid payment, and that she is responsible under that appointment, and the receipt of the money by herself and by her authorized attorney, to these minors if they have been wronged. And this is a matter of accounting with them in her fiduciary character of tutrix.

It remains to be considered whether there is in this contract of employment anything which, after it has been fully executed on both sides, should require it to be declared void, in a court of equity, and the money received under it returned. It was decided in the case *Stanton* v. *Embrey*, 93 U. S. 548, that contracts by attorneys for compensation in prosecuting claims against the United States were not void because the amount of it was made contingent upon success, or upon the sum recovered. And the well known difficulties and delays in obtaining payment of just claims which are not within the ordinary course of procedure of the auditing officers of the government, justifies a liberal compensation in successful cases, where none is to be received in case of failure.

Any other rule would work much hardship in cases of creditors of small means residing far from the seat of government, who can give neither money nor personal attention to securing their rights.

This, however, does not remove the suspicion which naturally attaches to such contracts, and where it can be shown that they are obtained from the suitor by any undue influence of the attorney over the client, or by any fraud or imposition, or that the compensation is clearly excessive, so as to amount to

extortion, the court will in a proper case protect the party aggrieved.

While fifty per cent. seems to be more than a fair proportion in the division between client and attorney in an ordinary case, we are not prepared to assume that it is extortionate for that reason alone, and the testimony of the lawyers on that subject, taken as experts, does not justify such a conclusion. In the case before us, it is beyond dispute that the attorneys of Mrs. Bemiss exercised no influence over her whatever in adjusting the amount of the fee stipulated in the agreement. They had never known her until this employment, and it was through no suggestion of theirs or any agent of theirs that she applied to them. Her first letter to them on the subject made the offer of fifty per cent., and no more was asked for by them.

The evidence of two of the judges who composed the court shows that the case was a difficult and complicated one, and that both Taylor and Wood attended to it vigorously, and gave it much time and attention, and that it was in court a considerable time.

It seems probable that Mrs. Bemiss was an impatient and not very wise woman, but there is no evidence of such weakness of mind as to incapacitate her from making a contract, and there is absolutely no evidence of any advantage taken of her at any stage of the proceeding. On the contrary, the payment by these principal attorneys of two-fifths of the fee they had contracted for to other attorneys employed by her without consulting them, for which she was bound while they were not, shows anything but harsh or oppressive conduct, and would go far to mitigate any objection to enforcing the contract founded on the idea of excessive compensation.

*We are of opinion that on the appeal of Taylor and Wood the decree of the court below must be reversed, and as the minor children, plaintiffs below, assign no error, because they had no decree against their mother, a decree must be rendered in that court dismissing the bill.*