## SEMMES v. WHITNEY.

### (Circuit Court, E. D. Louisiana. June 6, 1892.)

#### No. 12,018.

1. JURISDICTION OF CIRCUIT COURT — SUIT AGAINST NONRESIDENT ADMINISTRATOR — APPOINTMENT BY DOMESTIC COURT.

The circuit court of the United States in Louisiana has jurisdiction of a suit by an attorney residing in that state against a nonresident administrator appointed by a Louisiana court, to enforce an attorney's lien on a judgment recovered by the attorney for the administrator.

2. SAME — JURISDICTION OF STATE COURT.

Such jurisdiction is not affected by the fact that the state laws give exclusive jurisdiction of such a suit to the probate court of the state.

8. ATTORNEY'S LIEN — CONTINGENT FEES.

A contract made by an attorney with the tutor and tutrix of minor heirs for a contingent fee of 10 per cent. on the recovery, if any, in a suit brought by the attorney to enforce a claim of the heirs, there being no means of paying counsel fees except out of the recovery, is valid, and entitles the attorney to a lien on the recovery of his fee.

In Equity. Suit by Thomas J. Semmes against W. W. Whitney, administrator of the succession of Myra Clark Gaines, to enforce an attorney's lien. Decree for plaintiff.

*Thos. J. Semmes,* for complainant.

*Rouse & Grant,* for defendant.

BILLINGS, District Judge. This is a suit in which an attorney at law who conducted the case for the plaintiff, terminating in a judgment in her favor, sues in equity to recover his fee, and have it declared to be a lien upon the judgment.

The first question is as to jurisdiction. The plaintiff is a citizen of Louisiana, and the defendant, though administrator of an estate who is appointed by the Louisiana mortuary court, is a citizen of Massachusetts. The case of *Rice* v. *Houston,* 13 Wall. 66, is conclusive as to the question of general jurisdiction, *i. e.,* it settles the law to be that, the parties being citizens of different states, jurisdiction is not defeated because one is administrator appointed by the courts of the state of which the other is a citizen. Code Proc. La. arts. 924, 983, undoubtedly give, so far as the courts of the state of Louisiana are concerned, exclusive jurisdiction to the probate court. But this state legislation has no effect to prevent the circuit courts of the United States from exercising jurisdiction. That jurisdiction springs from the putting into operation by congress the constitution of the United States, and cannot be impaired by the states. *Lawrence* v. *Nelson,* 143 U. S. 215, 223, 12 Sup. Ct. Rep. 440, and *Payne* v. *Hook,* 7 Wall. 425. This court has jurisdiction, and can render a decree which would, as to the amount of the debt and the existence of the lien, conclude the administrator and the succession. The lien, being that of a solicitor who has recovered a judgment, upon that judgment springs both from the doctrine of the equity courts and from a statute of the state of Louisiana. The lien gives almost a proprietary interest in the judgment. It would be only the residue of the judgment, after deducting the amount of the solicitor's fee, which would,

in the ordinary course of things, be paid over by the plaintiff to the succession. In case of the insolvency of the succession, even if the probate court might have to determine the rank or priority of the lien as between the complainant and the holders of other privileges, the effect of the judgment would still be, beyond all controversy, to fix, as between the plaintiff and the succession, the amount due and the lien upon the specific thing, the judgment. A strong effort was made in the argument to distinguish this case from those where jurisdiction has been maintained, because, in this case, the contract sued upon was made, and the whole work under it performed, after the death of the intestate; the force of the argument being that the mortuary court would so much more properly deal with a case which had entirely arisen under its administration of an estate. But this argument is overcome, as is the state statute, by the force of the paramount law of the United States found in the constitution as put in force by congress. The court, in my opinion, has jurisdiction.

As to the case on the merits. The suit is brought on a contract made between the complainant and the natural tutor and tutrix of the minor heirs. For aiding in conducting this case in this court and in the supreme court the complainant was to receive, in money or bonds, 10 per centum of the amount recovered. The agreement as to the facts upon which the case has been submitted contains the following: "When the contracts were made with the complainants, the estate of Mrs. Gaines had no means of payment of counsel fees or expenses other than recovery in said suit;" that is, the suit in which the employment was had. With this fact in the record, the power to make a contract fixing a contingent fee would seem to necessarily exist in those who administered the estate, as there was nothing but a contingent fee which could be promised. In *Taylor* v. *Bemiss*, 110 U. S. 44, 3 Sup. Ct. Rep. 441, the court declare the validity of just such a contract made with a tutrix in Louisiana, in these words:

"The bill of the minor heirs states that Mrs. Bemiss had been appointed by the proper court in Louisiana natural tutrix of these children. We are of opinion that this appointment made it her duty to take the necessary steps to obtain this money from the United States, and that, whether the suit was brought in her own name, or in hers jointly with her children, she was equally bound to prosecute it with diligence, and to do all that was necessary to recover the money. It would be a queer condition of the law if, while it imposed this obligation upon her, it gave her no authority to employ counsel to prosecute the claim before the only legal tribunal which could allow it; and, if she could employ counsel, it follows, as a matter of course, she could make a contract for the amount of their compensation. This agreement would bind her as tutrix as well as in her individual right, and it is in both characters she professes to contract. Such undoubtedly is the law of Louisiana, which must govern as to her powers as tutrix, since it is there she was appointed, and there both she and her children resided when she made the agreement with Taylor and Wood. Of her authority to make such a contract as tutrix we have no doubt."

This would be the ruling of the court, unless the evidence as to what was a reasonable or just compensation is such as to make the contract seem unconscionable, or to excite the suspicion of fraud or the want of

due attention to the matter of the contract on the part of the tutor and tutrix. This testimony consists of the whole record of the case in which the fee is claimed to have been earned, and the statements of Mr. Benedict and Prof. Denis. One of these gentlemen fixes the amount of a reasonable fee for Mr. Semmes and Mr. Goldthwaite, each, at 5 per cent. of the recovery; the other, at 10 per cent. Mr. Benedict does not seem to have had his attention particularly called to the fact that the fee was necessarily contingent. There has therefore been no case made upon the proofs which would authorize a court of equity to look upon the amount of the contract compensation as inequitable. My conclusion, therefore, is that the complainant must have a decree for 10 per cent. of the amount recovered according to the terms of the contract, as the payment shall be made in money or bonds, with the lien upon the judgment as prayed for in the bill of complaint.