.EDWARD WESTER v. E. R. FLYGARE and Others.[1]

June 16, 1905.

Nos. 14,333—(55).

**Guardian and .Ward—Contract.**

> The guardian of an insane person cannot secure an inequitable advantage against his ward, or have the aid of a court to enforce a contract to the latter's injury; and whenever it appears that such a contract has been made between the guardian and a third party concerning the ward's interests a court should not interfere in such guardian's behalf, but decline to enforce it, and this irrespective of the question whether there was or not actual fraud. The fiduciary relation in such case is a bar to any relief which might produce detriment to the ward.

Action in the district court for Martin county against defendant E. R. Flygare as administrator of the estate of Lars O. Tillman, deceased, to set aside a deed of land given by deceased to defendant Silas P. Pope as administrator of the estate of John Tillman, and to enforce specific performance of a prior contract by which the deceased undertook to sell and convey the land to plaintiff. The case was tried before Quinn, J., who found in favor of defendants. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

C. M. O'Neill, Albert R. Allen and DeForrest Ward, for appellant.
Dean & Palmer, for respondents.

LOVELY, J.

This is an equitable suit to annul a conveyance of eighty acres of land, and to compel the specific performance of a contract to convey the same land to plaintiff, or, if a judgment of conveyance cannot be had, such relief as may be appropriate.

The cause.was tried to the court, who made findings of fact, which, as was necessary, embraced a summary of transactions whose statement in detail would confuse, rather than illustrate, the essential purposes to be stated in the result we are to express. In the view which we are compelled to adopt from the record, the findings of fact by the trial

[1] Reported in 103 N. W. 1020.

court must be sustained upon the evidence, and clearly required the conclusion reached that plaintiff was not entitled to the relief demanded. We shall, therefore, in disposing of this case, refer only to such determinative facts within the fair scope and purview of such findings as are necessarily material and dispose of the questions involved on this appeal.

In 1871 Lars O. Tillman became the owner of eighty acres of land in Martin county. He married a widow, the mother of several children, among whom was the plaintiff, Edward Wester. Another son of the widow adopted the stepfather's name, and became thereafter known as John Tillman. The stepson purchased eighty acres of land January 2, 1891, which is the subject of this controversy. Lars Tillman and his wife mortgaged their homestead eighty to assist John in paying the purchase price of his tract. The latter executed a deed for his property to his stepfather, which remained unrecorded until 1898. This deed · was made upon the express agreement to protect Lars Tillman from loss on account of having mortgaged his homestead to pay for John's land. The stepfather afterwards became further obligated to aid the stepson until such amount aggregated $2,000, which was secured by mortgages of Lars Tillman on his homestead. The relations between Lars Tillman and John Tillman, in connection with the fact that the deed was given by the latter to the former as security for advances to pay for his land, were known at all times to plaintiff. In December, 1900, John Tillman became insane while in actual possession of the land in suit. The plaintiff was appointed his guardian by the probate court, accepted the trust, and his ward was committed to the asylum at St. Peter. The stepfather was then aged, feeble, unable to read or write the English language, and at the request of the plaintiff made the contract which is the subject of this suit, wherein he agreed to convey, for the amount of the incumbrances, to the plaintiff, the eighty acres which had been first purchased by John, but had been conveyed to the stepfather to protect the latter from the obligations he had and might thereafter assume in John's behalf. No consideration passed from plaintiff for this conveyance, and presumably there was a valuable interest in the property above the claim of $2,000, the extent of Lars Tillman's mortgage obligations therefor.

John Tillman died April 27, 1901, and Silas Pope was appointed his administrator. On June 6, 1903, Lars Tillman, in order to protect the estate of his deceased stepson, made a deed of the eighty he had held in trust for John to the administrator, Silas Pope. The other defendants, except Flygare, who was appointed administrator of Lars Tillman, now deceased, are heirs of John Tillman. There had been a mortgage of $600 on a distinct eighty owned by John Tillman, given by the latter to Lars Tillman, which plaintiff, as the court found, obtained, without consideration, and collected from John's estate. This was included in the land contract sought to be enforced, but is not within the purview and scope of any judgment which could now be rendered in this action, and is of no further consequence than as illustrating the advantages which plaintiff was procuring from his stepfather against his ward's rights, and to an appreciable degree justified the trial court in his conclusions that the plaintiff was not entitled to the relief sought in this action.

Unquestionably the relation existing between the plaintiff and his ward John Tillman, forbade the former, while guardian, from taking any advantage of the fiduciary relation existing between them, and prohibited him from obtaining any profit therefrom. He was utterly disabled from acquiring for his own benefit the property committed to his custody and management when he became the legal protector of his insane ward or his estate. As well stated by Justice Brown in Gilbert v. Hewetson, 79 Minn. 326, 82 N. W. 655, which covers the principle involved here: It is not important, in a case where such fiduciary relations exist, that no active fraud be shown. It is to avoid the necessity of any such inquiry that the rule takes so general a form. It stands on the moral obligation to refrain from placing one's self in a position which ordinarily conflicts with self-interest and integrity. This view is fundamental, and does not need further citation of authority to justify its application to this case. The conclusion of the learned trial court must be sustained.

The order denying a new trial is affirmed.