RALSTON & RICHARDSON *v.* DUNAWAY.

Opinion delivered March 6, 1916.

CLAIM AGAINST THE UNITED STATES—WAR CLAIM—COLLECTION — ATTORNEY'S FEES.—One D. entered into a contract with appellants, authorizing appellants to prosecute a claim against the United States Government for property taken during the Civil War, and agreeing to pay appellants 33⅓ per cent. of the amount collected. The claim was allowed by the court of claims, and an act passed by Congress appropriating money to pay the same. *Held,* the parties were bound by a provision in the said act of Congress, limiting the amount that could be paid as attorney's fees to 20 per cent. of the amount collected, and that appellants could collect only such per cent. for their services.

· Appeal from Jackson Circuit Court; *Dene H. Coleman,* Judge; affirmed.

This appeal is prosecuted from a judgment of the circuit court, confirming the probate court's judgment of disallowance of the claim against the estate of Laura J. Dills, deceased, for a balance claimed to be due as attorney's fees.

Appellants were employed by deceased to collect her claim against the United States for property taken during the Civil War. The written contract, after stating that she has such a claim and has appointed Ralston & Siddons of Washington, D. C., her attorneys, recites: "to prosecute the same before any of the courts of the United States, and, upon appeal, before the Supreme Court of the United States, or before any of the Departments of the Government, or before the Congress of the United States, or before any officer, commission, convention or tribunal authorized to take cognizance of said claim, as may be deemed best for my interests: NOW, THEREFORE, THIS AGREEMENT WITNESSETH, that in consideration of their services in the prosecution of said claim, I hereby agree to pay said Ralston & Siddons a fee or compensation equal to 33 1-3 per centum of the amount which may be allowed on said claim. The officers of the Government are hereby directed to deliver to said attorneys the check, draft, certificate or other medium of payment that may be issued in settlement of said claim, and a lien upon said check, draft, certificate or other medium of payment is hereby recognized by me in favor of said attorneys, for said fee until payment thereof; and I hereby agree to pay from time to time all necessary costs arising in the prosecution of said claim for taking testimony, and to execute such powers of attorney as may be necessary or convenient for the successful prosecution and collection of said claim."

Appellants prosecuted the claim before the Court of Claims of the United States, which on the 17th day of

January, 1910, allowed the claim, in the sum of $2,945. Congress made an appropriation for the payment of this and other allowed claims by Act of March 4, 1915, (No. 289, Statutes Third Session, 63 Congress, part 1, p. 962), section 4 of which provides: "That no part of the amount of any item appropriated in this bill in excess of 20 per centum thereof shall be paid or delivered to or received by any agent or agents, attorney or attorneys on account of services rendered or advances made in connection with said claim. It shall be unlawful for any agent or agents, attorney or attorneys to exact, collect, withhold or receive any sum which in the aggregate exceeds 20 per centum of the amount of any item appropriated in this bill on account of services rendered or advances made in connection with said claim, any contract to the contrary notwithstanding. Any person violating the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not exceeding $1,000."

The officers in the Treasury Department, in the payment of said claim, delivered to said attorneys a warrant for their fee payable out of said appropriation for only the sum of $589, being 20 per cent. of the amount of the claim collected in accordance with the act. They thereupon duly presented this claim for $392.68 to the administrator of the estate of said claimant, which was disallowed by the probate court and on appeal by the circuit court, because of the provisions of the Act of Congress making the appropriation in payment of the claim limiting the attorneys' fee to 20 per cent of the amount collected.

*John W. Blackwood* and *John W. Newman,* for appellants.

1. Section 4 of the Act of March 4, 1915, No. 289, is unconstitutional and void under the Fifth Amendment to the Constitution U. S. The contract was lawful when made. *McGowan Ex.* v. *Parish, Ex.,* 237 U. S. 285, 110 U. S. 42. The fact that payment by the government was made the contingency upon which the contract

was based did not affect the rights of the attorney against the client upon the happening of that event. 110 U. S. 42. Congress can not divest vested rights nor deprive one of property without due process of law. 13 Wall. 654; 99 U. S. 700, 25 L. Ed. 496, 501; *Moyer* v. *Fahey,* Sup. Ct. Dist. Col. Oct. 29, 1915, p. 691.

2. Contract rights must be protected. 36 Sup. Ct. Rep. 176; 30 Ark. 198, 204; 25 *Id.* 625; 13 *Id.* 262, 199, 211; 19 *Id.* 360; 12 Wall. 687; 157 U. S. 271; 164 Mass. 241.

*Gustave Jones,* for appellee.

1. The contract sued on is a unilateral contract. It is void as against public policy. The claim was founded upon a *bounty* to decedent as to which no contengent fee agreement is valid. 2 Wall. 45, 54; 42 W. L. R. 743; No one has a vested right to his pension or bounty. 19 How. 355; 107 U. S. 64. The conditions of the Act of Congress making the appropriation did not take away any vested rights or property without due process of law. 63 Vt. 169; 12 Wall. 457; 179 U. S. 141; 12 Wheaton, 214; 219 U. S. 467.

2. Even if this was an interference with vested property rights, it is not beyond the power of Congress to do so. 161 U. S. 72; 157 *Id.* 271; 79 *Id.* 457; 157 *Id.* 160. The sovereign can not be sued in its own courts, nor in any other, without its consent: but it may waive this privilege. This permission is voluntary and it may prescribe such terms and conditions as it sees proper. 20 How. 527. The regulation as to fees is valid. 223 U. S. 1; 38 L. R. A. 867; 33 *Id.* 706; 219 U. S. 549.

KIRBY, J., (after stating the facts). It is contended by appellant that said section 4 of the act appropriating money in payment of the claim of Laura J. Dills is unconstitutional and in conflict with the Fifth Amendment of the Constitution of the United States in that it deprives appellants of their property without due process of law. It is not denied that the parties had the right to make the contract entered into nor that the claim was collected from the Government out of the appropriation of money

made by Congress for payment thereof. Contracts for the payment of fees to attorneys contingent upon the collection of claims against the United States have been upheld. *Taylor* v. *Bemiss,* 110 U. S. 42; *Nutt* v. *Knut,* 200 U. S. 12.

It will not be contended, that if this contract had been made for the collection of a claim against the Government for which an appropriation had already been made limiting the attorney's fee to the payment of not more than 20 per cent. of the amount recovered and making it unlawful to charge more than said amount, that an action could have been maintained for the collection of more than said per cent. as provided by the terms of the Act of Congress making the appropriation for the payment of the claim. Appellants contend however that their right to the compensation provided in the contract for service performed was complete upon the allowance of the claim by the Court of Claims and vested in them a right to the recovery from their client of an amount equal to one-third of the amount allowed on the claim. The phrase "The amount which may be allowed on said claim" in connection with the per cent. agreed to be paid as compensation refers necessarily to the amount collected and realized from the Government in payment of the claim and not the mere order of the Court of Claims ascertaining the amount due the claimant and liquidating it by allowance. The Government was no more indebted to the claimant for the property taken or destroyed during the war, after the amount of it was determined and the allowance made by the Court of Claims and no more obligated to its payment than it was before. This was but a recognition of the justness of the claim that existed not because it was allowed by said court, but because the claimants property had been taken by the Government under such circumstances as required it should make compensation therefor.

Neither was such allowance or judgment of the Court of Claims a satisfaction or payment of the claim, but only a determination by the tribunal authorized by the Gov-

ernment to make it of the amount the Government recognized would compensate the claimant for the loss. Its payment could no more be compelled after than before such allowance. The parties to the contract knew and recognized this in making it and authorized the attorneys to prosecute the claim before any and all tribunals, courts and departments of the Government, before the Congress of the United States, or before any officer, commission, convention or tribunal, authorized to take cognizance of the claim and authorized the officers of the Government to deliver to the attorneys the check, draft, certificate or other medium of payment that was issued in settlement of the claim, giving a lien thereon in favor of the attorneys for said fee until its payment. In other words, it is manifest from the contract that the parties realized that the claim could only be paid by an appropriation voluntarily made by the Government and necessarily contracted with reference to such appropriation and the terms thereof. This appropriation was in effect conditioned upon the limitation of 20 per cent. only of it to the payment of any attorney's fees contracted for by the claimant and binding upon the parties to such contract and certainly upon the attorneys who accepted the 20 per cent. prescribed by the appropriation act and were paid same by the officers of the Government in the payment of the claim out of the appropriation made therefor. The attorneys nor the claimant had anything from which payment of the claim could be realized regardless of the justice thereof, nor under the terms of the contract was any debt created for the attorney's services, regardless of their value, until the appropriation of the money was made by the Act of Congress. If such appropriation had never been made, nothing could have been realized by the client nor any debt created by the contract for the payment of any attorney's fee.

In *Ball* v. *Halsell*, 161 U. S. 72, a case where the attorney was to be paid out of the amount of the claim recovered from the Government, the court said: "Although he prosecuted the claim before the Department of the

Interior, and that department recommended payment of a certain sum upon the claim, yet before the sum had been paid or Congress had made any appropriation for its payment and therefore, before he had either recovered or received any money from the United States, or was entitled to any compensation by the terms of the contract, now sued on, Congress passed the Act of March 3, 1891,'' and held the attorney bound by the limitation of the fee prescribed by the Appropriation Act.

We are aware that in *Moyer* v. *Fahey*, 48 Wash. Law Rep. 691, the court decided a like question differently to the conclusion reached herein, but we do not regard the opinion as supported by sound reason or authority and do not follow it.

The judgment is affirmed.