## EMMA MATTHEWS v. CLARA MIRES.[1]

### December 8, 1916.

### Nos. 20,175—(240).

**Guardian of incompetent — authority to employ attendant for invalid wife.**

1. A guardian of an insane person, clothed with the management and control of the ward's property and affairs is authorized, without first obtaining the approval of the probate court, to employ an attendant to care for and render assistance to the invalid wife of the ward.

**Same — expense incurred a valid claim against ward's estate.**

2. When such employment is necessary, and the employment is in good faith, without purpose to unnecessarily burden the estate with expense, the reasonable value of the services rendered thereunder is a valid claim against the estate of the ward.

**Same — valid claim against his estate after death.**

3. If the ward dies before payment, the claim may be presented for allowance in the proceedings for the administration of his estate.

In the probate court for Goodhue county Clara Mires filed a claim for $1,500 against the estate of Simon Mires, deceased, for services in caring for the wife of the deceased during four years. The administrator of the estate filed objections to the claim, and after hearing the claim was allowed by the probate judge. From the order allowing the claim Emma Matthews, as an heir at law of the deceased, appealed to the district court for Goodhue county. The appeal was heard by Johnson, J., who made findings and affirmed the order of the probate court. From an order denying her motion to set aside the decision and for a new trial, Emma Matthews appealed. Affirmed.

*Mohn & Mohn,* for appellant.

*A. J. Rockne,* for respondent.

[1] Reported in 160 N. W. 187.

Note.—For authorities passing upon the question of power of guardian or committee to bind incompetent person or his estate by contract, see note in 8 L.R.A.(N.S.) 436.

BROWN, C. J.

Simon Mires with his wife, two daughters and a son, resided in Goodhue county. On March 31, 1899, Mires was adjudged insane and by proper authority committed to the insane asylum for treatment, where he remained until his death which occurred on June 12, 1914. At the time he was so adjudged insane he was the owner of a considerable property, real and personal, of the probable value of about $25,000, for the management and care of which the court appointed one A. W. Eddy as guardian. Eddy continued to serve until 1902, when he resigned, and the wife of Mires was duly commissioned in his stead, and she continued to act as such until January 29, 1914, when she died. She was succeeded at her death by W. E. Weiss who served until Mires died in June following as heretofore stated.

During the last few years of her life Mrs. Mires was an invalid and required the services of a competent person to attend to and care for her necessities and comforts. Her ailment did not affect her mental faculties. One daughter had married and moved from home, and the son had taken up his residence in the state of Oklahoma. The other daughter, respondent herein, about 30 years of age, was engaged as a saleslady in a mercantile establishment at Zumbrota. She was induced to give up her position at the store and return home for the purpose of taking care of her mother, upon the latter's agreement, acting as guardian, to compensate her from the Mires property. She remained in this service and nursed and cared for the mother until her death. In December, 1912, Mrs. Mires, acting as guardian, and respondent entered into an agreement in writing, whereby they mutually agreed that respondents services were of the value of $1,500, and that amount was agreed upon as full compensation therefor.

After the death of Mires, respondent presented this contract to the probate court as a claim against his estate for the services so rendered. The court allowed the same, and from the order an appeal was taken to the district court. After trial in that court the allowance was affirmed, and judgment ordered for the full amount thereof. The administrator declined further to contest the claim, and one of the heirs prosecuted this appeal from an order denying a new trial.

It is contended in support of the appeal: (1) That the guardian, Mrs.

Mires, was without authority in law to enter into the contract of employment with respondent, and that the claim based thereon is not a legal charge against the estate of the ward; and (2) that the claim, if valid at all, should have been presented to the probate court in the guardianship proceedings in connection with the settlement of the guardian's account.

The questions presented must be considered as though the employment of respondent was by a guardian, duly commissioned as such, who was a total stranger to members of the family. The fact that Mrs. Mires, the wife of the incompetent, was the guardian does not change the situation in its legal aspect, for the power of contract was vested in her to the same extent as a stranger acting in the same capacity. In this light the facts presented would seem to make a clear case of a valid employment. There is no question but that Mrs. Mires became an invalid, and that because thereof she required the assistance of someone to attend to daily wants; there is no question that her husband, or, in his absence, his estate and property, was liable for the expense of her care, and that the claim of one lawfully employed to render the service would constitute a valid claim against him. In view of her condition, a guardian having control and management of the husband's estate would be under legal duty to provide for her support, in the performance of which he would be authorized to provide for the necessary care and assistance, without first obtaining authority to do so from the probate court. Humphrey v. Buisson, 19 Minn. 182 (221); Pardoe v. Merritt, 75 Minn. 12, 77 N. W. 552; In re Besondy, 32 Minn. 385, 20 N. W. 366, 50 Am. Rep. 579; 2 Notes on Minn. Reports, 633. He would thus be discharging the personal obligations of his ward, performing an act of no unusual character, and no sound reason appears for holding that the matter should first have been referred to the probate court. Taylor v. Bemiss, 110 U. S. 42, 3 Sup. Ct. 441, 28 L. ed. 64; McCoy v. Lane, 66 Neb. 847, 92 N. W. 1010; Price's Appeal, 116 Pa. St. 410, 9 Atl. 856. It is true as a general rule that the guardian has no authority to bind the estate of his ward by contract. Germania Bank v. Michaud, 62 Minn. 459, 65 N. W. 70, 30 L.R.A. 286, 54 Am. St. 653. But that rule should not apply to acts of the guardian of the character of those here disclosed; acts in performance of duties and obligations of the ward not of an unusual or extraordinary

character, and which do not bind or attempt to bind the ward beyond the period of his legal incompetency to act for himself. No question is raised as to the necessity of the employment of some one to care for Mrs. Mires, the good faith of the transaction is not challenged, nor is it urged that the compensation claimed is unreasonable or excessive.

In this state of the case the abstract question of the validity of the written agreement of settlement, made between Mrs. Mires, as guardian, and respondent, need not be considered. The employment of respondent was lawful, and the rendition by her of services thereunder created a valid claim against her father's estate for the reasonable value of the same. The complaint, filed after the appeal to the district court, alleged that the services were reasonably worth the sum of $25 per week, or a total of something over $6,000, for the entire term of service. The court expressly found these allegations to be true, but limited respondent's recovery to the amount specified in the settlement agreement, namely, $1,500. In view of the legal liability of the estate appellant is in no position to complain of the result. Nor does the fact that the trial court predicated its decision upon the written contract affect the case. The decision was right upon the facts stated, and it is not important what reasons were assigned therefor. The pleadings and evidence clearly present a case of liability on the ground of the reasonable value of the services rendered.

2. It is not fatal that the claim was not first presented to the probate court in the guardianship proceedings, for that court and the court administering the estate were the same tribunal. If there had been separate courts a different question probably would be presented. However, we do not so decide. All we hold here is that it was unnecessary to go through the form of presenting the claim to the same court under two different labels. But it may be stated that, if the guardian had paid the claim, no doubt a presentation thereof to the probate court in connection with the settlement of his final account would have been necessary.

This covers the case and all that need be said in disposing of the same. The employment of respondent was lawful, her compensation to the extent of the reasonable value thereof was a proper charge against the

135 M—7

estate of deceased, and the allowance thereof is sustained by the evidence, without reference to the written settlement.

Order affirmed.