JOHNSON, Appellant, v. BOARD OF COUNTY COMMISSIONERS OF YANKTON COUNTY et al, Respondents.

(249 N. W. 683.)

(File No. 7514. Opinion filed July 7, 1933.)

*Sutherland, Payne & Linstad,* of Pierre, for Appellant.

*Frank Biegelmeier,* of Yankton for Respondents.

WARREN, J. This is a suit by the appellant to secure a refund of taxes paid upon property of her ward, on the ground that such property is exempt from taxation. Appellant applied to the board of county commissioners to have such taxes refunded. That board having denied the application, an appeal was taken to the circuit court. The circuit court found against the right to a refund of the taxes, and appellant has now appealed from the judgment and decision of the circuit court to this court.

Josephine R. Johnson, as guardian of the person and estate of her brother, Joseph Erwin Johnson, an incompetent, presented to and filed with the county auditor of Yankton county an application for refund of taxes for the years 1923 to 1929, inclusive, claiming that the taxes which had been paid were exempt under the provision of an act of Congress. After hearing the circuit court made findings of fact, conclusions, and a judgment, finding that Joseph Erwin Johnson, incompetent, had served in the World War, and that after his return from service he was afflicted with dementia præcox, resulting from personal injuries and diseases contracted in the World War, and that at all times since he has been mentally incompetent; that the United States government under the World War Veterans' Act (38 USCA § 421 et seq.) awarded him compensation at $24 per month for a short time, and thereafter $100 per month, this compensation being paid over to his guardian; that upon the findings of fact the court made conclusions that the real estate was subject to taxation the same as all other property of its class within the taxing district and rejected the application for rebatement and refund.

In April, 1923, the guardian entered into a written contract for the purchase of certain real property in the city of Yankton, to wit: Lot 7, block 37, in that part of said city of Yankton known and platted as Witherspoon's addition to said city of Yankton. Appellant signed the contract in writing as the guardian of Joseph Erwin Johnson. In July, 1927, a deed was obtained pursuant to the contract for deed. With the money paid by the government to her as guardian of Joseph Erwin Johnson, appellant paid taxes to the county from 1923 to 1929, amounting to the sum of $665.

Appellant contends that the taxes paid by her as guardian should be refunded since said property should not have been taxed,

and argues that the money received by her was in the nature of trust funds for the incompetent brother, and that therefore no part thereof could be used in the payment of taxes. The statute under which appellant claims the property to be exempt from taxation is section 454, title 38, U. S. Code (38 USCA § 454) which reads as follows: "The compensation, insurance, and maintenance and support allowance payable under Parts II, III, and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts II, III, or IV; and shall be exempt from all taxation. Such compensation, insurance, and maintenance and support allowance shall be subject to any claims which the United States may have, under Parts II, III, IV, and V, against the person on whose account the compensation, insurance, or maintenance and support allowance is payable."

Respondent contends that section 454, supra, refers to the money due to persons entitled to compensation and not to property which may have been purchased with compensation money. In other words, when the government makes an award of compensation, insurance, or maintenance and support allowance, such award is not subject to the claim of creditors, nor assignable, and shall be exempt from taxation, but shall inure to the person on whose account it is payable. The act was undoubtedly enacted in order that the pensioner should receive the award into his own hands and thus be enabled to meet his daily wants and necessities. What he does with the money or what he may purchase with it is an entirely different matter. A number of decisions on the question of exemption from taxation of pension money seem pertinent and in Martin v. Guilford County et al, 201 N. C. 63, 158 S. E. 847, 849, 76 A. L. R. 978, the court in its opinion adopted and quoted considerable from State ex rel Smith, Attorney General, v. Board of Commissioners, 132 Kan. 233, 294 P. 915. The facts, construction, and reasoning therein, when applied to the facts in the case at bar, are decisive of the issues herein. Connor, J., delivering the opinion of the court, in part said:

"After the 'sum payable' has been paid to the veteran or his dependents, and invested in property, real or personal, otherwise subject to state taxation, the exemption provided for in section 618 is no longer applicable.

"In the instant case, the sum of money which was payable to plaintiff as a veteran of the World War, under the Act of Congress, as compensation, insurance, and maintenance and support allowance, has been paid to him; he has acquired full and unrestricted title to the money, free from any control over the same by the government of the United States; he has invested it, as he had a right to do, in the purchase of a lot of land and an automobile, which are subject to taxation by Guilford county, under the laws of this state. We think it clear that by the enactment of sections 454 and 618 of Title 38 USCA, Congress has not undertaken to exercise any control over the property, real or personal, now owned by the plaintiff, and that said property is not exempt from taxation by Guilford county, under the laws of this state, applicable to said property as well as to all other property in said county."

In Martin v. Guilford County, supra, the plaintiff was a veteran of the World War and the money was paid over to him and thereafter invested in the property which was afterwards taxed by the taxing authorities, while in State ex rel Smith v. Board of County Commissioners, supra, the money was paid over by the United States government to the guardian and by him reinvested, the same as in the case at bar. The reasoning of the two cases is on all fours with the case at bar, and we feel should be adopted in the deciding of the issues before us.

In Smith v. Spicer's Guardian and Committee, 244 Ky. 68, 50 S. W. (2d) 64, the Court of Appeals of Kentucky, in passing upon money paid over by the United States government to the guardian and by him deposited in the bank, said that, even though the compensation and war risk insurance were paid to the veteran's guardian, the government had parted with the title which precluded the assertion of preferred claim of the funds deposited in the bank which became insolvent, on the theory that the government had no further control of the funds, and that the funds had passed from the possession and control of the government and became the estate of the ward. This case was reviewed by the Supreme Court of the United States on a writ of certiorari, and is reported in Spicer v. Smith, 288 U. S. 430, 53 S. Ct. 415, 416, 77 L. Ed. 875. It would seem that in that case, as in the case at bar, the guardian was appointed by the county court and received the custody and control of the personal estate of the ward, and was

authorized to collect and receive from the government the money in question. The court said in part as follows:

"The guardian, appointed by the county court, was by the laws of the state given the custody and control of the personal estate of his ward and was authorized to collect and receive the money in question. Ky. Stats' § 2030. And unquestionably payment to the guardian vested title in the ward and operated to discharge the obligation of the United States in respect of such installments. Taylor v. Bemiss, 110 U. S. 42, 45, 3 S. Ct. 441, 28 L. Ed. 64; Lamar v. Micou, 112 U. S. 452, 472, 5 S. Ct. 221, 28 L. Ed. 751; Maclay v. Equitable Life Assurance Society, 152 U. S. 499, 503, 14 S. Ct. 678, 38 L. Ed. 528; Martin v. First Nat. Bank of Rush City (D. C.) 51 F. (2d) 840, 844; In re Estate of Stude, 179 Iowa, 785, 788, 162 N. W. 10; State ex rel v. Shawnee County Com'rs, 132 Kan. 233, 243, 294 P. 915, certiorari denied 283 U. S. 855, 51 S. Ct. 648, 75 L. Ed. 1462. Schouler, Dom. Rel. (6th Ed.) § 892.

"The provisions for exemption, nonassignability, and suspension of payments plainly imply the passage of title from the United States to the veteran. * * * The clauses subjecting such payments to claims of the United States against the veteran and providing for escheat to the United States make against petitioner's claim. Neither would be appropriate or necessary if the money paid to such guardian continued to belong to the United States until actually disbursed by him for the veteran's benefit. * * * Petitioner also cites Bramwell v. U. S. Fidelity Co., 269 U. S. 483, 46 S. Ct. 176, 70 L. Ed. 368. But in that case the United States itself was the guardian and through its officer, the superintendent of an Indian reservation, made the deposit which upon insolvency of the bank was held a preferred claim under section 3466, R. S. (31 USCA § 191). The case is not in point as here the guardian was appointed pursuant to state law to act for and on behalf of his ward. He was not an agent or instrumentality of the United States. Shippee v. Commercial Trust Co., 115 Conn. 326, 161 A. 775; Puffenbarger v. Charter (W. Va.) 165 S. E. 541; State ex rel v. Shawnee County Com'rs, supra. It results that the deposit in question does not belong to the United States and, as indebtedness to it is essential to priority, the guardian's claim under that section is without merit."

As we construe it, the guardian was not an agent or instrumentality of the United States, but received the custody of the compensation directly from the United States government without stipulation and condition, the same as though it had been paid directly to Joseph Erwin Johnson, had he been competent.

It may be conceded, so far as this case is concerned, that Congress had the power under the Constitution to exempt the funds from state taxation. However, the sections referred to show no intent to make such exemption. The statute refers to money payable. Therefore, when the money has been paid and the plaintiff has acquired full and unrestricted control and title thereof and invested it in other property, the property is taxable by the county.

We have examined the authorities submitted, and believe that the weight of authority favors the respondent and should be followed, and we must hold that, when the money was paid over to the guardian by the government, she received it and had sole charge of the disbursement of the funds according to the laws of this state, and that the United States government no longer had any control over the said funds.

The order and judgment appealed from are affirmed.

RUDOLPH, P. J., and POLLEY and ROBERTS, JJ., concur.
CAMPBELL, J., not sitting.