## 740 RIVER DRIVE v. FIRST NATIONAL BANK OF MINNEAPOLIS AND OTHERS.

### 195 N. W. 2d 427.

### February 18, 1972—No. 42942.

*Peterson, Bell & Converse* and *Robert C. Bell,* for appellant.

*Dorsey, Marquart, Windhorst, West & Halladay* and *Jan D. Stuurmans,* for respondent bank.

*Popham, Haik, Schnobrich, Kaufman & Doty* and *Ronald C. Elmquist,* for respondent Adams.

Heard before Knutson, C. J., and Otis, Rogosheske, and Peterson, JJ.

PER CURIAM.

Plaintiff, 740 River Drive, sought to recover $6,881.89, rent and interest allegedly due under a written lease after abandonment by defendant Dr. Paul Adams, Jr. The trial court dismissed the action against defendant First National Bank of Minneapolis, which had signed the lease as Dr. Adams' guardian, and the court limited the amount recoverable from Dr. Adams to $786—the amount due for the period after his abandonment of the premises to the time when he, having been adjudged competent, disaffirmed the lease which was entered into during his incompetency. We affirm.

For medical reasons, Dr. Paul Adams, Jr., was adjudged incompetent on January 25, 1966. The First National Bank of Minneapolis was appointed guardian of his estate. During the guardianship, a written lease with plaintiff was consummated on November 3, 1967. The term of the lease extended from November 15, 1967, to November 30, 1969, with rent at the rate of $393 monthly. The lease was signed by "FIRST NATIONAL BANK OF MINNEAPOLIS [by its assistant secretary] As Guardian of the Estate of Dr. Paul Adams, Jr." The lease described the tenant as "Dr. Paul Adams, Jr., by First National Bank of Minneapolis, as Guardian," thus manifesting unmistakably the bank's representative capacity. The lease agreement was of standard form. Although it provided for

the contingency of Dr. Adams' death during the lease term, no provision was made for the contingency of Dr. Adams' restoration to capacity before expiration of the lease term.

Dr. Adams vacated the leased premises in May 1968, and on July 9, 1968, he was restored to full legal capacity by order of the probate court. Defendant bank had paid out of the ward's estate account the monthly rent through July 1968 but discontinued rental payments following Dr. Adams' restoration. On September 11, 1968, Dr. Adams gave written notice to the plaintiff that he disaffirmed any and all personal obligations under the terms of the lease agreement. Defendant bank was discharged as guardian of the estate on September 12, 1968. Plaintiff, having received no rental payments since July 1968, brought suit for the balance due under the lease. The trial court allowed recovery from Dr. Adams for the August and September 1968 rent only.

The critical issue on appeal is whether a lease which is extended to an incompetent through his guardian, and which is silent with respect to the contingency of the incompetent's being restored to competency during the term of the lease, is voidable at the election of the ward upon his restoration to competency. We rule that it is. Historically, the guardian was not permitted to contractually bind the ward's estate. However, because of efforts to afford the ward maximum protection against overreaching by the guardian, the guardian became unduly restricted in the administration of the ward's estate. Therefore, certain exceptions, such as contracting for necessities not of an unusual or extraordinary character, have cautiously eroded the older rule.[1] The very limited contractual powers of the guardian, however, do not extend to binding the ward to pay for "necessities" which the ward himself may decide, when again competent, are not in his best interest. See, Matthews v. Mires, 135 Minn. 94, 160 N. W. 187 (1916).[2]

---

[1] See, Taylor v. Davis' Administratrix, 110 U. S. 330, 4 S. Ct. 147, 28 L. ed. 163 (1884); Matthews v. Mires, 135 Minn. 94, 160 N. W. 187 (1916); Germania Bank v. Michaud, 62 Minn. 459, 65 N. W. 70, 30 L. R. A. 286, 54 A. S. R. 653 (1895). See, also, Minn. St. 525.56, 525.28; Annotation, 130 A. L. R. 113, 115. Cf. Wester v. Flygare, 95 Minn. 214, 103 N. W. 1020 (1905).

[2] See, also, Martin v. Smith, 214 Minn. 9, 7 N. W. 2d 481 (1942); Jackson v. O'Rorke, 71 Neb. 418, 98 N. W. 1068 (1904); Davis v. Kressly, 80 S. D. 254, 122 N. W. 2d 219, 6 A. L. R. 3d 565 (1963); Annotation, 6 A. L. R. 3d 570. Cf. Long v. Campion, 250 Minn. 196, 84 N. W. 2d 686 (1957); Humphrey v. Buisson, 19 Minn. 182 (221) (1872); 1 Elliot, Contracts, § 526.

484

Since defendant bank, as guardian, signed the lease in an acknowledged representative capacity, it was not personally liable for the rent. Wm. Lindeke Land Co. v. Kalman, 190 Minn. 601, 252 N. W. 650 (1934). Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

